### CHAPMAN v. HAMMETT.

(Court of Appeals of District of Columbia, Submitted March 13, 1923. Decided May 7, 1923. Rehearing Denied May 24, 1923.)

No. 1571.

1. Patents ☞106(2)—Amendment of preliminary statement is largely within discretion of Patent Office tribunals.

The right of an applicant to amend his preliminary statement in an interference proceeding is largely within the discretion of the Patent Office tribunals.

2. Patents ☞106(2)—Refusal of permission to amend preliminary statement held proper.

The decision of the Patent Office tribunals, refusing to permit the amendment of a preliminary statement in an interference proceeding, on a showing that applicant was without experience in interference proceedings, that his counsel was not conveniently near, that he did not know he would be bound by the dates set forth in the statement, and did not then know the correct dates, will not be disturbed.

Appeal from the Commissioner of Patents.

Interference proceeding between Byron J. Chapman and Elbert A. Hammett. From a decision awarding priority to the senior party, Hammett, Chapman appeals. Affirmed.

Hugh K. Wagner, of St. Louis, Mo., and William L. Symons, of Washington, D. C., for appellant.

Arthur C. Brown, of Kansas City, Mo., and Harry F. Riley, of Washington, D. C., for appellee.

Before SMYTH, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

ROBB, Associate Justice. Appeal from concurrent decisions of the Patent Office tribunals in an interference proceeding, in which priority of invention was awarded the senior party, Hammett.

The invention is simple and relates to:

"A method of locating a loose piston connection in a cylinder of an internal combustion engine; the method consisting in alternately raising and lowering the pressure of a fluid within the cylinder, while the engine is at rest."

In his original preliminary statement, Chapman alleged conception in May, with disclosure and reduction to practice in December, of 1917. About seven months after the filing of this statement, and after he had seen the preliminary statement of his adversary, he filed a motion to amend his preliminary statement upon the grounds that he had been without prior experience in interference proceedings; that his counsel was not conveniently near; that he supposed the statement was a mere formality; that he did not know he would be bound by the dates set forth therein; that he did not then know the correct dates, and had no written record, and therefore searched his recollection as well as he was able; and, finally, that the work "was done in a hurry and in a cursory manner."

[1, 2] Each of the tribunals of the Patent Office found that, upon the facts alleged, Chapman was not entitled to amend, and, in view of the fact that such a question is largely within the discretion of those tribunals, we see no reason for differing with them. However, those tribunals found that, even if the amendment was allowed, the evidence fully warranted the conclusion that Hammett had reduced the invention to practice before the earliest date alleged in the amended statement. A review of the evidence upon which this conclusion is based convinces us that the Patent Office is right.

Upon either theory, therefore, the decision must be affirmed.