## METHUDY v. ROY.
### Patent Appeal No. 3146.

Court of Customs and Patent Appeals.
May 29, 1933.

John D. Rippey and Lawrence C. Kingsland, both of St. Louis, Mo., for appellant.

A. S. Pattison and W. H. Pattison, both of Washington, D. C., for appellee.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GARRETT, Associate Judge.

This is an interference proceeding arising in the United States Patent Office involving an application of the party Roy and a design patent issued to the party Methudy, the subject-matter of the invention being, as declared in the single claim of each application, an ornamental design for a gas range.

The Examiner of Interferences awarded priority to Methudy. Upon appeal to the Board of Appeals this decision was reversed and priority awarded to Roy. Methudy appeals to this court.

It being a design which is involved, the statement of the count is: "The ornamental design for a Gas Range, substantially as shown."

Neither party gives a written description in his application, but each relies upon drawings to disclose the design.

The party Roy filed the application involved, serial No. D–21,196, on March 18, 1927. The party Methudy, on August 20, 1927, filed an application, serial No. D–23,-161, which matured into the patent involved, design No. 76,317, on September 11, 1928. Interference was declared between them January 19, 1929.

The original preliminary statement of Roy alleged conception "on or about" January 1, 1927; the making of drawings "on or about" January 10, 1927; written description "on" January 27, 1927; explanation to others February 1, 1927; embodiment "in a full sized machine which was completed on the last day of February 1927"; the building of a stove involving the design "on the 1st day of March 1927," and alleged continuance of use by manufacturing and selling others "to the extent of about 8,358 stoves." The affidavit to this preliminary statement is dated January 26, 1929.

The preliminary statement of Methudy alleged conception "on or about September 1, 1926"; explanation to others "on or about September 1, 1926"; reduction to practice "on or about October 1, 1926"; preparation of written description "on or about August 10, 1927," and alleged that after October 1, 1926, he had made and sold many of the ranges through the Methudy Enamel Range Company. The affidavit to Methudy's preliminary statement is dated February 12, 1929.

The exact date when the preliminary statements were opened to the respective parties is not given in the record, but the record does show that on March 5, 1929, Roy's Washington attorneys addressed a letter to him, saying, among other things: "We have examined the preliminary statement filed by

Methudy, copy of which is herewith enclosed. `. * * "`

The letter then set forth the respective dates claimed by the respective parties in their preliminary statements, and continued: "From the foregoing you will see that if Methudy can establish by competent evidence the facts as stated in his preliminary statement, he would win the interference."

Roy thereupon visited Washington, apparently being sent by the company for which he was working, with a Mr. Nicolaus (sometimes spelled "Nicholas" in the record), another employee of the company, and conferred with the attorneys. This conference seems to have been on March 11, 1929. It is claimed that an inspection of the papers and documents, incident to the case, disclosed the fact that Roy had made a mistake and thereupon he tendered, and sought permission to file, an amended preliminary statement, the affidavit to which bears date of March 16, 1929.

In this amended statement Roy claimed conception "on or about the 2nd day of January 1926"; stated that drawings were made by a draftsman, other than himself, "during April 1926 for the die equipment and a photograph was made of the machine made stove that involved the invention on or about the 30th day of October 1926"; stated that the first description consisted in sending the photograph to his attorney "about February 27, 1927"; that he explained the invention to others "on the 2nd day of January 1926"; that he first embodied the invention in a handmade, full-sized machine, completed "on or about" March 19, 1926; that a stove was built "on or about" August 12, 1926, "with complete tool equipment involving the design of the above interference," and that thereafter such stoves were manufactured and sold by Reliable Stove Company of Cleveland, Ohio, "to the extent of approximately 277."

The motion to amend was accompanied by a number of affidavits.

On April 11, 1929, Examiner of Interferences Houston denied the motion to amend the preliminary statement, but said: " * * * However, such denial is without prejudice to renewal of the motion at final hearing, in connection with whatever evidence may be submitted on behalf of the party Roy."

The parties then proceeded with the taking of testimony, and, after the record had been made up, another Examiner of Interferences, Mr. Jacobs, passed upon the case. He also denied the motion to amend, which had been renewed, as allowed by the decision of Mr. Houston, and rendered the decision awarding priority to Methudy, which the Board of Appeals reversed.

It may be here said that no serious question is made as to the correctness of the finding of the Examiner of Interferences awarding to Methudy "a date of conception as of the first week of September, 1926, and reduction to practice as of October 1, 1926," and this need receive no further discussion.

The first and most serious question in the proceeding is that of Roy's right to amend his original preliminary statement.

It will conduce to a clearer understanding of the issues to state that Roy, at the alleged times of making the invention, was an employee of the Reliable Stove Company, of Cleveland, Ohio, which company is a division of the American Stove Company of St. Louis, Mo. His position prior to October 1, 1929, had, for many years, been that of assistant superintendent of the Reliable Stove Company, Mr. Nicolaus being the superintendent. For about sixteen years Roy was foreman of the pattern shop. On October 1, 1929, he succeeded, upon the death of Nicolaus, to the position of superintendent of the Reliable Stove Company, and was serving in the latter capacity at the time the testimony in this case was taken. The Reliable Stove Company, or, more accurately, the American Stove Company, is the real party in interest.

It may be stated that the drawings of the respective parties both disclose complete gas ranges which bear a general resemblance, each to the other, but which have certain points of difference. The points of difference were evidently not regarded by the tribunals of the Patent Office as presenting patentable design distinctions. The Board of Appeals apparently found that the novel feature of the design consists in the arrangement whereby what is referred to as the manifold (being the gas jets and parts incident thereto) is moved backward from the position occupied by such manifolds in the prior art, and concealed by a plate, or part, which closes the front of the range under the open top burner portion.

The Board of Appeals says: "The motion to amend is based upon an alleged error by Roy in construing the issue of the interference in a limited manner and later discovering that the issue was not so limited but would cover a stove designed and built by him at an earlier date. The stove disclosed by Roy in his application has a removable plate in the front of the stove through which the handles of the burner valves project and he alleges

that he believed that the preliminary statement must be based upon the identical stove disclosed in his application but later, in a conference with his attorney, he learned that this was not a feature of the design and that the design in issue would be embodied in a stove which he had built long before in which this front plate was integral and not removable."

Roy's proofs were directed to the effort to show that he did conceive and reduce to practice a stove or gas range having a nonremovable, or integral front plate, at the times alleged in his amended preliminary statement, which times were prior to the dates awarded Methudy.

The respective concurring decisions of Examiners of Interferences Houston and Jacobs, denying Roy's motion to amend his preliminary statement, dealt with the question as being primarily one of law rather than of fact. Authorities were cited by each. Examiner Jacobs, however, briefly reviewed pertinent parts of the testimony in behalf of Roy and concluded that the latter had not, in view of the burden resting upon one seeking to "sustain dates of conception and reduction to practice prior to those in the original preliminary statement," produced testimony, "convincing beyond a reasonable doubt," that he was the inventor of the design.

The Board of Appeals seems to have treated the question as being one of fact, rather than one of law.

Appellant, Methudy, insists before us that primarily the issue is one of law, but that even upon the facts he should prevail, because Roy's proofs do not meet the requirements incident to such a proceeding.

It is insisted that Roy's motion to amend "is based upon his alleged misapprehension of the scope of the issue," and that this is primarily a question of law. Various decisions of tribunals of the Patent Office are cited together with the case of Chapman v. Hammett, 53 App. D. C. 236, 289 F. 634, 635.

We observe that in the latter case the court says: "Each of the tribunals of the Patent Office found that, upon the facts alleged, Chapman was not entitled to amend, and, in view of the fact that such a question is largely within the discretion of those tribunals, we see no reason for differing with them."

In the brief of both parties presenting arguments to this court references are made to the matter of such an issue as that here involved being discretionary with the tribunals of the Patent Office. It seems sufficient to say, upon this point, that the fact that those tribunals did not agree, in the exercise of their discretionary powers, differentiates this case, in that respect, from the Chapman v. Hammett Case, supra. A situation is before us, therefore, which differs from a case in which all the tribunals of the Patent Office concur.

It is our opinion that the question in this case is at least a mixed question of law and fact. Rule 113 of the Patent Office, under which Roy is proceeding, makes provision for the correction of preliminary statements "in case of material error arising through inadvertence or mistake." It is there provided that this may be done "upon a satisfactory showing that the correction is essential to the ends of justice." We think it entirely proper, therefore, that the facts as proven be scrutinized by the tribunals of the Patent Office and by this court, and given their proper weight, of course, under the applicable rules of law.

It is not deemed necessary to dwell here upon the importance of a strict construction and application of the rule permitting amendments to preliminary statements. The principle applicable thereto, and the reasons therefor, we regard as being admirably stated in the respective decisions of the Examiners of Interferences. The movent in such a case, having had access to the dates of his antagonist, must be held to a strict compliance with the rule. We think it proper that he be required to show that he exercised every reasonable care and proper diligence in the preparation of his original statement to avoid error therein, and that, if he himself were not skilled nor experienced in patent matters, he availed himself fully of the services of counsel who were.

Amendments obviously should not be permitted simply upon an allegation that earlier dates can be proven. When a party alleges that he misunderstood the scope of an issue, or failed to grasp the meaning of such terms as "conception" and "reduction to practice" he should be held to strict proof upon these points, and all testimony to that effect, together with the properly related circumstances surrounding the transaction, should be most carefully scrutinized, because these are essential things, and allegations as to not understanding them are clearly quite difficult of traverse by his opponent. Most certainly in this case the burden rests heavily upon the party Roy to show by clear and convincing evidence that he was the real inventor of the

design at issue at the time claimed in his amended statement.

These strict requirements are not merely for the convenience of those tribunals having to do with the determination of issues, such as this, but rest upon fundamental grounds of justice among men. In the very nature of things, the prosecution of patent applications up to a certain point must be in secret. Improper publicity might defeat the whole beneficial aims and purposes of the patent laws. Therefore he who, in an interference proceeding, obtains access to the dates of his opponent, and seeks thereafter to change practically the entire context of his own sworn statement, made before knowledge of his opponent's dates, properly is held to strictest accountability.

It is deemed proper to set out the findings of the Board of Appeals, based upon the evidence considered by it upon behalf of the party Roy: "The party Roy was assistant superintendent of the Reliable Stove Company, a branch of the American Stove Company, his assignee, at the time the invention was made and his immediate superior was Frederic G. Nicolaus who has taken out a patent No. 1,661,845, March 6, 1928 on an application filed May 8, 1926, which is in evidence as Roy Exhibit 6. This patent discloses the closed front burner chamber concealing the burner manifold which is the only novel feature of the design in issue. The Catalog of the Reliable Stove Company, Roy Exhibit 2, copyrighted in 1925, shows a stove then manufactured by that company which discloses all the features of the stoves of the interfering applications except the closed burner chamber. The Nicolaus patent claims only the valve construction and Nicolaus has made no claim to the closed burner chamber as a design. The Examiner of Interferences stated in his decision that this mechanical patent is proof that the patentee Nicolaus, Roy's superior at the time, who died in 1929, had the design in question in mind, but is not proof that Roy was the inventor of the design. It must be remembered that Nicolaus was dead when the testimony was taken but at the time the motion to amend the preliminary statement was made there was attached thereto an affidavit by Nicolaus, see paper No. 7, in which he says that Roy, about January 2, 1926, disclosed to him a stove with a flat front without any detachable manifold concealing plate, and which stove was a duplicate of a photograph attached to the affidavit of Joseph Roy. This photograph discloses the issue of the interference and is the same as that in evidence as Roy Exhibit No. 9a. In our opinion the Ex-

aminer of Interferences was in error in stating that the Nicolaus patent is not proof that Roy was the inventor of the design for Nicolaus disclosed it on May 8, 1926 without claiming it; he says in his affidavit that it was disclosed to him by Roy in January, 1926; Roy has filed his design application and claims it as his invention, and no one else connected with the Reliable Stove Company claims to have invented it. Under these circumstances, this was held to be sufficient proof of invention in Driggs v. Schneider, C. D. 1911, page 1, and page 276, and in Herman v. Fullman, C. D. 1903, page 452. Furthermore, the witness Wiedemann testified that he entered the employ of the Reliable Stove Company on March 29, 1926, see Lehman (Q. 11) and Wiedemann's time card Exhibit V. He says that his first work was to make drawings, Exhibits 4 and 4a from a hand-built stove which was the same as Exhibit 3 (Qs. 18 to 21). The drawings were for the purpose of making the necessary tools and dies to manufacture this stove by machine (Q. 23). Exhibits 4 and 4a are dated April 9, 1926 and are initialed by Wiedemann (Q. 34). Dies for said stove were made and delivered on July 19, 1926 (Q. 41 and Exhibit 7). The first machine-made stove was completed in the latter part of August, 1926 which date he fixed by the fact that he took his vacation on August 23 and the finished stove was made before he left on his vacation. This stove was identical with the stove Exhibit 9 and photograph Exhibit 9a. This again is sufficient proof of the invention of the design prior to March 29, 1926, the date when Wiedemann saw the hand-built stove.

"There is other testimony given by Hermann C. Fritz, manager of the Reliable Stove Company, and Edwin C. Fritz, which corroborates the testimony of Roy and Wiedemann."

We may here remark that it is not altogether clear to us just why the issue in this case is limited to the single feature of the "closed front burner." The count, as stated supra, is "the ornamental design for a Gas Range, substantially as shown," and the drawings of both parties show what is apparently a representation of a complete range which bears very slight resemblance indeed to the stove disclosed in the drawings of Nicolaus' purely mechanical patent. However, appellant has made no assignment of error upon the finding of the Board that this feature is "the only novel feature of the design in issue," and we need concern ourselves no further with that question.

It will be noted that the Board of Ap-

peals makes reference to, and, in part, bases its decision upon, an affidavit by Nicolaus. Appellant alleges that it was error to give this affidavit consideration.

We think this allegation of error is well taken. The affidavit in question was filed in connection with Roy's motion to amend his preliminary statement. For the purposes there offered, it was proper, but it was not proper to consider it in the final decision, as proof of what it contained. It was not, and cannot be made, competent testimony, save perhaps by consent, under any rule of evidence with which this court is familiar.

We have examined the respective decisions of Commissioner of Patents Allen and Commissioner of Patents Moore, in the cases cited by the Board, apparently upon this point, supra, and also have examined the decisions of the Court of Appeals of the District of Columbia in the cases of Herman v. Fullman, 23 App. D. C. 259, and Schneider v. Driggs, 36 App. D. C. 116, both of which were appealed to that tribunal.

We do not find in any one of the four decisions of these tribunals where affidavits are referred to in any connection. It should be said that it is not entirely clear to us that the Board cited those cases as supporting their holding that the affidavits in this case are competent. They may have been cited in support of other phases of the decision, but, in any event, it was error to have considered the Nicolaus affidavit as competent upon the merits of the motion. The fact that he was dead and his testimony unavailable to Roy does not alter the well-established rules as to competency of evidence.

Counsel for appellee, in their brief, say that the board "could also have cited" a certain letter appearing in the record, apparently written by Nicolaus to his attorneys on January 27, 1927, in which he stated, among other things: "Mr. Roy is the designer of this range which features his door patent."

It is sufficient to say that we are not in agreement with any contention that this expression may be given weight in the consideration of this crucial issue. In view of the relationship of the parties to each other, and especially to the real party in interest here, this expression cannot be regarded as anything more than one partaking of the nature of a self-serving declaration. There was no opportunity for Methudy's counsel to cross-examine Nicolaus upon this point, or to have any explanation of just what was meant by "designer"—whether inventor, or something else.

It may be here reiterated that, in so far as Roy's right to amend is concerned, it must be shown by clear and convincing evidence that he was the actual inventor, and that the elements comprising the invention were his at the dates named in his amended statement. This contest is between Methudy and Roy, not between Methudy and Nicolaus, or any one else. We do not think it sufficient, under the circumstances of this case, to find merely that the design was disclosed in the Nicolaus patent application without Nicolaus claiming it; that Roy filed his application claiming it (when it is remembered that his first preliminary statement gave later dates), and that "no one else connected with the Reliable Stove Company claims to have invented it."

When the affidavit of Nicolaus is disregarded, as we think it must be, and any weight is refused the statement in the Nicolaus letter as to Roy being the "designer," we fail to find any very material documentary evidence directly supporting Roy's oral testimony. We have not overlooked the testimony of Wiedemann and Fritz, nor the numerous exhibits filed. Careful consideration has been given to all that is competent in this evidence. Wiedemann, who was, from March 29, 1926, to the time of the taking of his testimony, a draftsman for Roy's employer, is shown to have been in error as to the time of taking his vacation in August, 1926, a period by the beginning of which he identified certain matters supposed to be rather definitely related to a line of continuity in events by which it is sought to carry Roy's inventive acts back to the dates of his amended statement.

Without further reviewing the quite voluminous record in this case, it is our conclusion that the proofs presented by Roy are not sufficient to meet the requirements of the rule permitting amendments to preliminary statements, and that the Board of Appeals erred in granting same.

It follows, therefore, that, upon this record, Methudy, and not Roy, is entitled to the award of priority. We are not here concerned with any question of patentability or nonpatentability of the design involved.

The decision of the Board of Appeals is reversed.

Reversed.