PRICHARD v. SETZLER.

SETZLER v. PRICHARD.

(Court of Appeals of District of Columbia. Submitted January 17, 1924. Decided March 3, 1924.)

Nos. 1635, 1643.

Patents ⬤⟿113(6)—In interference proceeding appellate jurisdiction limited to question of priority.

In an interference proceeding, the jurisdiction of the Court of Appeals is limited to a determination of the question of priority, and it cannot review a holding that there is no patentable distinction between counts awarded to different parties.

Appeal from the Commissioner of Patents.

Interference proceeding between George L. Prichard and Horace B. Setzler. From a decision awarding priority to the last-named party as to count 1 and priority to the first-named party as to count 2, both parties appeal. Affirmed.

Alfred M. Houghton, of Washington, D. C., for appellant.

Albert Lynn Lawrence, of Cleveland, Ohio, for appellee.

Before ROBB and VAN ORSDEL, Associate Justices, and SMITH, Judge of the United States Court of Customs Appeals.

ROBB, Associate Justice. In this interference proceeding the Patent Office awarded priority of invention as to count 1 to Setzler, and as to count 2 to Prichard, but with instructions to the primary examiner that count 2 be rejected as unpatentable over count 1. From that decision these cross-appeals were taken.

The invention relates to a method of cracking oils, and count 1 reads as follows:

"1. A process for treating petroleum or its derivatives, which consists in introducing the same to a sealed retort, establishing and maintaining therein a temperature and pressure for cracking a gasoline content therefrom, and meantime subjecting the interior of the retort to the action of an abrading and agitating movable member, whereby carbon is separated and maintained in a suspended state and the reaction is furthered, substantially as set forth."

The difference between counts 1 and 2 is supposed to reside in the words:

"Withdrawing the newly formed hydrocarbon products, and supplying additional quantites of the hydrocarbon under treatment, substantially as set forth."

As to count 1, each of the three tribunals of the Patent Office found that Setzler was the first to disclose and the first to reduce to practice, and both the Board and the Assistant Commissioner found that, even if given a later date for reduction to practice, he still must prevail, as his earlier conception was followed by diligence. The reasoning of these tribunals is so clear and satisfactory that we accept their conclusions in this connection without further discussion.

We also agree with the Patent Office that Prichard's device formed a proper basis for claiming the subject-matter of both counts, and that, if there is a patentable distinction between the two counts, Prichard must prevail as to count 2, because, as found by the Office, Setzler did not replenish the contents of the still during his runs. The position taken by the Office that there is no patentable distinction between these two counts, because the prior art supplied the additional step defined in count 2, apparently is sound; but, inasmuch as our jurisdiction here is limited to a determination of the question of priority, we are not at liberty to pass upon this ruling.

The decision is affirmed.

Affirmed.