## Application of PRICHARD.

Court of Appeals of District of Columbia.

Submitted November 17, 1927. Decided December 5, 1927.

No. 1967.

Patents ⬅72(1)—Claim not patentably different from count as to which priority was awarded another in interference proceeding held rightly rejected.

Claim of applicant which was not patentably different from count in interference proceeding, wherein priority was awarded to another, *held* rightly rejected.

Appeal from the Commissioner of Patents.

In the matter of the application of George L. Prichard for a patent. From a decision rejecting a certain claim, applicant appeals. Affirmed.

A. M. Houghton, of Washington, D. C., for appellant.

T. A. Hostetler, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

MARTIN, Chief Justice. This is an appeal from concurrent decisions of the Patent Office rejecting claim 8 of appellant's application for a patent.

It appears that this claim constituted count 2 of an interference proceeding involving the same invention, which was before this court in the case of Setzler v. Prichard, 54 App. D. C. 266, 296 F. 1013. The counts of that interference read as follows:

"1. A process for treating petroleum or its derivatives, which consists in introducing the same to a sealed retort, establishing and maintaining therein a temperature and pressure for cracking a gasoline content therefrom, and meantime subjecting the interior of the retort to the action of an abrading and agitating movable member, whereby carbon is separated and maintained in a suspended state and the reaction is furthered, substantially as set forth.

"2. A process for treating petroleum or its derivatives, which consists in introducing the same to a pressure still, establishing and maintaining the temperature in said still at approximately the point for separating out a portion of the combined carbon, subjecting the more highly heated portions of the still interiorly to an actuated abrading member, for preventing the deposit of said carbon, withdrawing the newly formed hydrocarbon products, and supplying additional quantities of the hydrocarbon under treatment, substantially as set forth."

In the interference proceeding the Examiner of Interferences awarded priority as to both counts to Setzler. This decision was reversed in part by the Examiners in Chief, who awarded priority as to the second count to Prichard, but at the same time held that, as shown by the prior art, the process defined in the second count was not patentably different from that set out in the first count. They therefore recommended its rejection, following the final termination of the interference proceeding. This decision was affirmed by the Commissioner of Patents as to the question of priority, and also as to the final rejection of the claim of Prichard under the second count. On appeal to this court the decision of the Commissioner was affirmed. In respect to the prior suggestions respecting the second count this court said:

"* * * The position taken by the Office that there is no patentable distinction between these two counts, because the prior art supplied the additional step defined in count 2, apparently is sound; but, inasmuch as our jurisdiction here is limited to a determination of the question of priority, we are not at liberty to pass upon this ruling."

In accordance with the views thus expressed by the Examiners in Chief, the Commissioner, and this court, the Primary Examiner, when the case was returned to him, rejected claim 8, which was claim 2 of the interference. This rejection was affirmed in turn by the Examiners in Chief and the Commissioner of Patents, and is now before this court upon appeal.

It is not necessary for us to discuss in detail the points examined in the two records involved herein, for we are convinced that the opinions expressed by the tribunals of the Patent Office and by this court when deciding the interference proceeding were correct, and that in view of the prior art the claim of Prichard now in question is not patentably different from the first count of the interference. Inasmuch as priority was awarded to Setzler in respect to that count, it follows that Prichard's present claim was rightly rejected.

The decision of the Commissioner of Patents is affirmed.