## CONOVER v. DOWNS.

Court of Customs and Patent Appeals.
October 4, 1929.

Patent Appeal No. 2129.

B. G. Foster, of Washington, D. C., H. Dorsey Spencer, of New York City, and Robt. A. Norton, of Pittsburgh, Pa., for appellant.

W. B. Morton and George J. Hesselman, both of New York City, and Richard K. Stevens and Clarence M. Fisher, both of Washington, D. C., for appellee.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

HATFIELD, Associate Judge. This is an appeal, in an interference proceeding, from the decision of the Commissioner of Patents affirming the decision of the Board of Examiners in Chief which, in turn, had affirmed the decision of the Examiner of Interferences awarding priority of invention to appellee, Charles R. Downs.

The invention in issue consists of "A process for removing the excess heat of reaction from a catalytic zone" and is defined in four counts. Count 4, which will serve to illustrate the process, reads as follows:

"4. The process of treating reacting gases which consists in producing a current of gases, subjecting said gases at one point to the presence of a catalyst, removing excess heat thereby generated by subjecting the catalyst to the cooling influence of a liquid that will boil at a temperature generated by the catalytic action, and subjecting the incoming cooler gases to the influence of the vapors generated by the boiling of said liquid, liquifying the vapors and returning the liquid again to the sphere of the catalytic action."

On April 30, 1919, appellant, Conover, filed an application, which matured into a patent on December 9, 1919, claiming and disclosing an apparatus which would perform the process in issue. He made no claim, however, that he had invented a novel process. On July 13, 1921, appellant filed an application for a reissue of the patent, in which he made claims for the process here in issue. On July 29, 1921, the Primary Examiner held that appellant could not claim the process in a reissue application. Thereafter, on November 28, 1921, appellant filed an independent application for the process, and on July 25, 1922, canceled, without appeal, the process claims contained in his reissue application. Appellant claims conception of the process in December, 1917, and a constructive reduction to practice as of the date of his original application, April 30, 1919.

On June 11, 1919, appellee, Downs, filed an application, of which the one here involved is a division, disclosing and claiming the process in issue. The divisional application was filed October 21, 1922. Appellee claims conception of the process January 31, 1919; and actual reduction to practice in March, 1919; and a constructive reduction to practice as of the date of the filing of his parent application, June 11, 1919.

Evidence was submitted by the respective parties in support of their claims, and it has been carefully analyzed and reviewed by each of the tribunals in the decisions below. Summarized, these decisions consistently held: First, that the parties were entitled to dates of conception as follows: Appellant, Conover, April 30, 1919, the date of the filing of his application which matured into a patent, December 9, 1919; appellee, Downs, January 31, 1919. Second, that appellant, Conover, was not entitled to a constructive reduction to practice by virtue of the filing of his application for a patent on April 30, 1919, as that application was for an invention different from the one now in issue, and as he made no claims for the process in issue until nearly two years had elapsed after his application had matured into a patent, there was nothing pending in the patent office to which his later application could relate or attach, and that, as there was no evidence of actual reduction to practice, he was confined to the date of the filing of his in-

dependent application for the process in issue, November 28, 1921. Third, that, while the evidence is not sufficient to establish an actual reduction to practice by appellee, Downs, he is entitled to a constructive reduction to practice as of the date of the filing of his parent application, June 11, 1919. And, fourth, as Downs was the first to conceive the invention and the first to reduce it to practice, he was entitled to the award of priority.

We have examined the evidence with care and find no error in the decision below in regard thereto. In view of the fact that each of the tribunals below reviewed the evidence, we deem it unnecessary to set it out here.

It is claimed by appellant that he conceived and disclosed the invention in December, 1917; that he is entitled to a constructive reduction to practice as of the date of the filing of his application for an apparatus patent for the performance of the process in issue, April 30, 1919, in accordance with the decision of the Supreme Court in the case of Alexander Milburn Co. v. Davis-Bournonville Co., 270 U. S. 390, 46 S. Ct. 324, 70 L. Ed. 651, and that therefore he was the first to conceive the invention and the first to reduce it to practice; that appellee had no complete conception of the invention until on or about December 5, 1921; that the application of appellee, filed June 11, 1919, is not a constructive reduction to practice for the following reasons, namely: "(a) because it discloses nothing more than the experimental apparatus described in the Conover Exhibit B and by the test of the experimental work, therefore, contains no disclosure of a way in which the process here in issue can be carried out; (b) because the whole principle of operation of the Downs disclosure is fundamentally inoperative." And that, as appellee failed to make claims to the invention in his application filed June 11, 1919, and as appellee's alleged divisional application was not filed for more than two years after appellant's application of April 30, 1919, had matured into patent No. 1,524,433, December 9, 1919, in which the process in issue was published, appellee is barred from claiming the invention by virtue of the pronouncements of the Supreme Court in Chapman et al. v. Wintroath, 252 U. S. 126, 40 S. Ct. 234, 64 L. Ed. 491, and Webster Electric Co. v. Splitdorf Electrical Co., 264 U. S. 463, 44 S. Ct. 342, 68 L. Ed. 792.

Assuming the correctness of the premise declared by counsel for appellant, his conclusions are not at all illogical. If appellant conceived the invention in December, 1917, and if he is entitled, as a matter of law, to a constructive reduction to practice as of April 30, 1919, he is undoubtedly the first to conceive the invention and the first to reduce it to practice. However, the tribunals below have held, and correctly so we think, that the evidence is wholly insufficient to establish that appellant conceived the invention in December, 1917, or at any other named date prior to the filing of his application, April 30, 1919.

With reference to the date of conception by appellee, the tribunals below have held that he is entitled to January 31, 1919. We think this decision is in accord with the evidence in the case. Obviously, then, appellee was the first to conceive the invention. But it is argued by counsel for appellant that the application of appellee filed June 11, 1919, does not show, even at that date, a complete conception of the process in issue, and that the principle of operation of appellant's disclosure in his application is "fundamentally inoperative." This argument has been answered so completely by each of the tribunals below, that we deem it unnecessary to say more than that we are in accord with the position taken by them.

■ Is appellant entitled to the filing date of his original application, April 30, 1919, for a constructive reduction to practice, as his counsel so vigorously contends? We think not. While it is true that appellant disclosed the process in issue in that application, he did not claim it. That application matured into a patent on December 9, 1919. No claims to this process were made by appellant until he filed his application for a reissue, July 15, 1921. In view of the fact that the claims for the process were for a different invention than that involved in the patent of December 9, 1919, appellant was required by the Primary Examiner to cancel these claims. This ruling was accepted by appellant and the claims were canceled. Accordingly, appellant had no proper application for the invention pending in the patent office until he filed his independent application on November 28, 1921, nearly two years after his application of April 30, 1919, had matured into a patent. There was, therefore, no parent application pending in the Patent Office to which his application of November 28, 1921, could relate or attach. Accordingly, appellant was properly restricted, in the absence of evidence of actual reduction to practice, to November 28, 1921, for a constructive reduction to practice. Wainwright v. Parker, 32 App. D. C.

431; In re Spitteler, 31 App. D. C. 271, decided April 20, 1908, and cases cited therein. It is claimed, however, by counsel for appellant that the decisions in the cases of In re Spitteler and Wainwright v. Parker, supra, are inconsistent with the decision by the Supreme Court in the case of Alexander Milburn Co. v. Davis-Bournonville Co., supra. We are not in accord with this view.

The Milburn Co. Case was an action for infringement. The application for the patent claimed by the plaintiff was filed on March 4, 1911, and matured into a patent on June 4, 1912. There was no evidence that Whitford, who filed the application, conceived the invention prior to the filing of his application. One Clifford, through whom the defendant claimed the invention, filed his application on January 31, 1911, and patent was issued on February 5, 1912. Clifford's application fully disclosed the invention patented by Whitford, but no claims were made to it. It will be observed that, as between Whitford and Clifford, Clifford was the first to conceive the invention. More than that, he fully and adequately disclosed it in an application for a patent, although he did not make claims to it prior to Whitford's filing date. Among other things, the court said:

"Among the defences to a suit for infringement the fourth specified by the statute is that the patentee 'was not the original and first inventor or discoverer of any material and substantial part of the thing patented.' Rev. St. § 4920, amended by Act March 3, 1897, c. 391, § 2, 29 Stat. 692 * * * [35 USCA § 69]. * * *

"The question is not whether Clifford showed himself by the description to be the first inventor. By putting it in that form it is comparatively easy to take the next step and say that he is not an inventor in the sense of the statute unless he makes a claim. *The question is whether Clifford's disclosure made it impossible for Whitford to claim the invention at a later date.* The disclosure would have had the same effect as at present if Clifford had added to his description a statement that he did not claim the thing described because he abandoned it or because he believed it to be old. It is not necessary to show who did invent the thing in order to show that Whitford did not.

"It is said that without a claim the thing described is not reduced to practice. But this seems to us to rest on a false theory helped out by the fiction that by a claim it is reduced to practice. A new application and a claim, may be based on the original

description within two years, and the original priority established notwithstanding intervening claims. Chapman v. Wintroath, 252 U. S. 126, 137, 40 S. Ct. 234, 64 L. Ed. 491. A description that would bar a patent if printed in a periodical or in an issued patent is equally effective in an application so far as reduction to practice goes. * * *

"The fundamental rule we repeat is that the patentee must be the first inventor. The qualifications in aid of a wish to encourage improvements or to avoid laborious investigations do not prevent the rule from applying here." (Italics ours.)

If the quoted language of the Supreme Court had been employed in an issue such as the one before us, it might be seriously argued that it was intended to establish a rule contrary to the pronouncements contained in the decisions in the cases of Wainwright v. Parker and In re Spitteler, supra, and to change the historic policy of the Patent Office. However, it must be remembered that this is an interference case; that appellee was the first to conceive the invention; that he was diligent in reducing it to practice; and that a different issue was before the Supreme Court in the Milburn Co. Case. We do not believe that the Supreme Court had any intention of denying the correctness of the principles announced in the Wainwright v. Parker and In re Spitteler Cases. Surely, if such had been the intention, some reference to those decisions would have been made. Undue liberties should not be taken with the language in a court decision. Rather it should be construed and applied in accordance with the precise issue before the court. If this course is followed, much useless litigation may be avoided.

Appellee disclosed and claimed the invention in his application filed June 11, 1919. Accordingly, the one involved in this interference is a division of the parent application, and appellee is entitled to the filing date of his parent application for a constructive reduction to practice. In re Spitteler, supra, and cases cited therein. This being so, appellee was the first to conceive the invention and the first to reduce it to practice, and therefore is entitled to the award of priority.

The decisions in the cases of Chapman v. Wintroath and Webster Electric Co. v. Splitdorf Electrical Co., supra, are obviously not in point. There is therefore no occasion to prolong this discussion by reviewing them.

For the reasons stated, the decision below is affirmed.

Affirmed.