## FESSENDEN v. WILSON et al.
### Patent Appeal No. 2680.

Court of Customs and Patent Appeals.
April 15, 1931.

Francis P. Garland, Ezekiel Wolf, Herbert U. Smith, and Hurlburt, Jones & Hall, all of Boston, Mass., for appellant.

Franklin T. Woodward, Hubert A. Pattison, and R. R. Adams, all of New York City, for appellees.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

BLAND, Associate Judge.

This is an interference case involving the question of priority between the junior party, Fessenden, and the senior party, patentees, Wilson and Schafer, and is an appeal from the decision of the Board of Appeals of the United States Patent Office, affirming the decision of the Examiner of Interferences, in awarding priority to appellees.

The subject-matter of the invention relates to a method and system of secret electric signaling in which a signal wave is divided arbitrarily into different parts, which are transmitted over different paths simultaneously, and are then recombined to form a signal wave corresponding to the original signal wave.

On June 23, 1915, Fessenden filed his application, serial No. 35,957, which application contained, according to the decision of the Board, descriptions of 22 inventions which included the subject-matter in controversy here, and which was later disclosed and claimed by Fessenden in his application filed January 23, 1922, serial No. 531,166.

The subject-matter of this interference, while described in Fessenden's 1915 application, was not shown by drawing nor was it claimed in any claim. In the consideration of Fessenden's 1915 application, the Patent Office required the applicant to "limit the specification to one of these inventions and only one and to present claims to the invention retained." In conformity with this request of the Patent Office, the application was amended on May 18, 1916, so as to be limited to a gun sight, a drawing thereof being supplied and also a supplemental oath to support the claims which were then submitted. All reference to any sort of signaling means was then canceled out of the application. This application so restricted resulted in a patent issued on May 14, 1918, No. 1,265,766.

Wilson's and Schafer's application, some of the claims of which are herein involved as counts in the interference, was filed September 29, 1919, which resulted in a patent issued November 1, 1921, No. 1,395,378.

Both tribunals below held that Fessenden's 1915 application would be accepted as evidence of conception but not as evidence of reduction to practice, and that, since he was last to file an allowable application, claiming the invention, which might be regarded as a reduction to practice, he must show diligence, which they say he did not do. Both tribunals held that the appellant, who was the first to conceive and second to reduce to practice, did not show diligence from immediately prior to the time when Wilson and Schafer entered the field until a final reduction to practice.

Appellant contends, first, that the 1915 application must be accepted not only as evidence of conception, but as a reduction to practice of the issues of the count, and that, since he is therefore the first inventor, the Board erred in awarding priority of invention to appellees; second, that, in event appellant's 1915 application is not a reduction to practice, he has shown due diligence from the date of conception to the date of his reduction to practice or has shown facts which would excuse diligence. Many authorities are cited by appellant, most of which are not in point and few of which need be considered by us.

In support of appellant's first contention, he cites and discusses Milburn Co. v. Davis-Bournonville Co., 270 U. S. 390, 46 S. Ct. 324, 70 L. Ed. 651; Chapman v. Wintroath, 252 U. S. 126, 40 S. Ct. 234, 64 L. Ed. 491; Wagenhorst v. Hydraulic Steel Co. (C. C. A.) 27 F.(2d) 27; and other authorities. He contends that the three above-cited decisions overrule any prior decisions which may be regarded as holding that a description in an application without a claim is no evidence of priority.

On this phase of the case the appellees point out that the decisions relied upon by appellant do not relate to an application which is not pending and allowable at the time reduction to practice becomes important, and cite, among others, the following cases as supporting their position and the position of the Board: The Corn Planter Patent, 23 Wall. 181, 23 L. Ed. 161; Beach v. Fowler, 1889 C. D. 187; Carty v. Kellogg, 7

App. D. C. 542, 1896 C. D. 188; Hien v. Pungs, 1894 C. D. 92. Appellees correctly state that "it is well established that for one application to be a division, within the meaning of the law, of another, the two must at some time be co-pending," and cite Sarfert v. Meyer, 1902 C. D. 30; In re Spitteler, 31 App. D. C. 271, 1908 C. D. 374; and Wainwright v. Parker, 32 App. D. C. 431, 1909 C. D. 379.

We agree with the Board's finding as follows: "Fessenden's earlier application became a patent May 14, 1918, and the patent contained no disclosure of the invention claimed in Fessenden's later application. There was an interim of more than three years between the grant of the patent upon the earlier application and the filing of the later application. The later application cannot have the benefit of the date of the earlier application as a continuation thereof. The proceeding relating to the two must be in fact continuous. Sarfert v. Meyer, 1902 C. D. 30. An application cannot be considered as a continuance of a patent granted prior to the filing thereof, since after the application has eventuated into a patent there is nothing left pending before the Patent Office upon which it could act or to which the later application could attach. In re Spitteler, 31 App. D. C. 271, 134 O. G. 1301; Wainwright v. Parker, 32 App. D. C. 431, 142 O. G. 1115, 1909 C. D. 379."

No authority has been cited and we have found none to the effect that an invention described but not claimed in an abandoned application, or an application which did not and could not result in a patent, could be regarded as a reduction to practice of the subject-matter described. The converse of this proposition is supported by In re Spitteler, supra; Wainwright v. Parker, supra; Conover v. Downs, 35 F.(2d) 59, 61, 17 C. C. P. A. 587; and other of the authorities hereinbefore cited.

Appellant contends that the decisions in Wainwright v. Parker, supra, and In re Spitteler, supra, are contrary to the decision in Milburn Co. v. Davis-Bournonville Co., supra, and that Milburn Co. v. Davis-Bournonville Co. supports his contention herein.

It is sufficient to note that Milburn Co. v. Davis-Bournonville Co. was an infringement case, and the application which was relied upon for reduction to practice was not abandoned, but was only delayed by reason of its progress through the Patent Office.

An analogous issue to the one at bar was before this court in Conover v. Downs, supra, and this court there discussed the Spitteler, Wainwright, and Milburn Cases, and said: "If the quoted language [in the Milburn Case] of the Supreme Court had been employed in an issue such as the one before us, it might be seriously argued that it was intended to establish a rule contrary to the pronouncements contained in the decisions in the cases of Wainwright v. Parker and In re Spitteler, supra, and to change the historic policy of the Patent Office. However, it must be remembered that this is an interference case; that appellee was the first to conceive the invention; that he was diligent in reducing it to practice; and that a different issue was before the Supreme Court in the Milburn Co. Case. We do not believe that the Supreme Court had any intention of denying the correctness of the principles announced in the Wainwright v. Parker and In re Spitteler Cases. Surely, if such had been the intention, some reference to those decisions would have been made. Undue liberties should not be taken with the language in a court decision. Rather it should be construed and applied in accordance with the precise issue before the court. If this course is followed, much useless litigation may be avoided."

Since Fessenden's 1915 application, as amended, contained no disclosure of the subject-matter in issue and was not operable for patentable purposes, for the subject-matter in issue, and was, under the facts in this record, and as related to the subject-matter at bar, to be regarded in law as an abandoned application, it cannot be relied upon as a reduction to practice.

Appellant argues that, if it could not be relied upon as a reduction to practice, it could not be relied upon as evidence of conception, and cites this court's decision in Harlan v. Bregman, 39 F.(2d) 494, 496, 17 C. C. P. A. 949, in which this court said: "We can see no good reason for accepting the testimony as proving conception and rejecting it on the question of reduction to practice." The nonapplicability of this case to the issues at bar is at once apparent when it is pointed out that the facts in that case show that those remarks were directed toward a construction and test made of an actual device and not toward a constructive reduction to practice presumed from the filing of an application. The citation of such authorities as this by counsel for appellant on this point and elsewhere in this appeal, without mentioning the points of distinction, has been very misleading to the court, and is

a practice which, to say the least, is not to be encouraged.

Appellant claims that, even if his 1915 application was not to be regarded as a reduction to practice, his lack of diligence in making proper application and reducing to practice the subject-matter of this controversy was excusable on account of his secrecy obligations incident to his naval service. The record contains and the briefs discuss numerous facts bearing upon this question which we do not regard as calling for a detailed statement and discussion here. In this connection the Board said:

"Fessenden has not shown diligence from the time of filing of his original application up to just prior to the appearance of Wilson and Schafer. He neither asked permission of any of the Government officials in authority to file a divisional application for the invention of the issue of this interference nor did he prove that he made an actual reduction to practice of the invention prior to the appearance of Wilson and Schafer. Fessenden alleges that he was deterred from filing an application for a patent for the system for secret signalling by reason of his secrecy orders and his oath to secrecy as an officer in the Navy. However, the disclosure, except for the drawings had been made in his original application No. 35,957. Another divisional application might have been filed for such disclosure of his system of secret signals without disclosing anything more than had been disclosed in the original application on pages 29 to 34 thereof. Such an application claiming the invention would have entitled Fessenden to notice of and an interference with the application of Wilson and Schafer. By not filing such application there was nothing pending in the Patent Office to entitle him to such notice. After learning of the patent to Wilson and Schafer Fessenden did not wait to obtain the consent of the Navy Department but filed his later application in the Patent Office prior to receiving any orders from the Navy Department relieving him from the restraints of such order. He never attempted to obtain relief from such order until after he had filed his later application.

"Fessenden asserts that the right to subsequently file the application for the invention in interference had been expressly and in writing reserved by Fessenden, in the response making the division of May 12, 1916. Rule 44 of the Rules of Practice reads:

" 'A reservation for a future application of subject matter disclosed but not claimed in a pending application will not be permitted in the pending application.'

"Fessenden should have filed his divisional application claiming the invention when he divided his original application to preserve his rights, by a pending application, to the date of his earlier application."

With respect to the diligence of Fessenden, we agree with the conclusion of the Board.

It is also a contention of the appellant that, since a description of the invention was filed in the Patent Office in his 1915 application, appellees are, under the statute, not the first inventor and are not entitled to a patent, and therefore are not entitled to priority in this interference. The statute authorizes the granting of a patent under certain conditions if the invention is "not known or used by others in this country, before his invention or discovery thereof, and not patented or described in any printed publication in this or any foreign country. * * *" 35 USCA § 31.

For obvious reasons, the filing of an application, the description of which is canceled before it results in a patent or comes to the public notice, is not such a published description of the invention as is within the inhibition of the statute. Milburn Co. v. Davis-Bournonville Co., supra.

Agreeable to the decision of the Board, the appellees, though last to conceive, were first to reduce to practice, and, since appellant showed lack of diligence in reduction to practice, appellees were properly awarded priority of the subject-matter of the counts, and the decision of the Board of Appeals is affirmed.

Affirmed.