**SUMMERHAYS v. COE, Com'r of Patents.**

**No. 7134.**

United States Court of Appeals for the District of Columbia.

Decided April 10, 1939.

Lee L. Townshend, of Washington, D. C., for appellant.

R. F. Whitehead, Sol., United States Patent Office, of Washington, D. C., for appellee.

Before GRONER, Chief Justice, and MILLER and VINSON, Associate Justices.

VINSON, Associate Justice.

The appellant, Edgar J. Summerhays, is the assignee of an application for letters patent filed in the United States Patent Office on June 21, 1926 by William C. Scheu for improvement in smokeless orchard heaters. During the pendency of the application, division was required by the Patent Office, which was met by the cancellation of all claims except those which were granted in patent No. 1,655,569, issued on January 10, 1928. On January 10, 1929, an application was filed for those claims disclosed in that part of the original application which had been cancelled. The oath accompanying this application contained an allegation that the invention was not known or used for more than two years prior to June 21, 1926, the filing date of the original application, and the oath stated this application to be a divisional application. The Patent Office refused to allow this application, as a divisional application, and demanded a new oath to be filed containing the averments required for an original application. The applicant was unable to make this oath because the invention was known and used for two years or more prior to the filing of the so-called divisional application.

Thereupon the appellant brought this action in the United States District Court for the District of Columbia, praying that the Commissioner of Patents be directed to accept the oath now standing in the application and to issue a notice of final allowance of the application. His bill alleges that "the present practice of the United States Patent Office with reference to the essential requirement of co-pendency between a divisional application with the original application from which it is divided is without statutory authority and without sanction in the rules of practice of the United States Patent Office." The district court held that the so-called divisional application cannot be regarded as a divisional application of the original application on which the patent issued, and that the later application can take no benefit from the original application so far as the avoidance of a statutory bar is concerned, and dismissed the bill. Whereupon this appeal was taken.

The sole point for decision is whether or not the application filed on January 10, 1929 is a divisional application based upon, and relating back to, the original application filed on June 21, 1926.

In 1908, we affirmed the *long established practice* of the Patent Office that "if there is a period between the two applications during which neither one of them could, under any circumstances, be considered by the office, there is such a break in the continuity of the two that one cannot be a division of the other."[1] We said in Re Spitteler, 31 App.D.C. 271:

"This court has held in other cases that, where an original application disclosing two inventions that have been declared separate and distinct is pending in the office, a divisional application is to be regarded as a continuation of the first, so as to give the applicant the benefit of the filing date of the same. Duryea v. Rice, 28 App.D.C. 423, 425, and cases cited. See also Lotz v. Kenney, 31 App.D.C. 205. Had the applicants filed their second application as a division of the first, before the issue of the patent thereon, they would have brought themselves within the rule established by the foregoing decisions.

"But, having amended that application so as to conform to the ruling of the Examiner, it was merged in the patent issued thereon. After that there was no application pending in the office as a foundation for division. The proceeding having been closed by the issue of the patent, there was nothing to be continued. The rule which permits a divisional application to relate back to the filing date of the original, which also discloses its subject-matter, as long as it remains open in the Patent Office, is a very liberal one that sometimes works hardship upon intermediate inventors, and it ought not to be extended to cases not clearly within it." Fessenden v. Wilson, Cust. & Pat. App., 48 F.2d 422, certiorari denied 284 U.S. 640, 52 S.Ct. 21, 76 L.Ed. 544.

[1] Sarfert v. Meyer, 1901, 98 O.G. 793; Re Wagner, 1902, Vol. 74 Ms.Dec. 210.

**75**

██ ██ The controlling factor in the case at bar is lack of continuity in the proceedings. There was nothing pending before the Patent Office to which the so-called divisional application could relate or attach. The original application was filed, division required, and the claims, which were the basis of the so-called divisional, cancelled. Nothing was done to present, preserve, and continue before the Patent Office that which was cancelled. The only pending application—the original—went to patent. A divisional application "is a form of an amendment"[2] and "is no more than an amendment in the parent application"[3] attaching either to the original application or divisional application then pending, which pendency preserves the continuity and permits the divisional to take the prior date. After the patent issued, there was nothing pending before the Patent Office that could be divided, continued, or amended. Thus, we are of the opinion that the application involved is not a divisional application, but is, and should be treated as, a new application, and hence deprived of the benefit of the prior date.

However, appellant contends that In re Spitteler, supra, "is unsound in law and in fact and has been disproved by later court decisions, particularly Supreme Court decisions".[4] We cannot agree with either of these contentions. We think In re Spitteler, supra, was correctly decided, and that none of the cases cited,[5] or any we have been able to find, overrule this long standing administrative rule affirmed in the Spitteler case, supra. In each of the cases decided by the Supreme Court, and referred to in note 4, supra, there was an application, either original or divisional, yet undisposed of and pending at the time the patent issued, and undisposed of and pending at the time the later divisional application was filed. In each of these cases the later divisional application was "one stage in a continuous effort".[6] Such is not this case.

Affirmed.

[2] Wagenhorst v. Hydraulic Steel Co., 6 Cir., 27 F.2d 27, 28.

[3] Dwight & Lloyd Sintering Co. v. Greenawalt, 2 Cir., 27 F.2d 823, 831.

[4] Chapman et al. v. Wintroath, 252 U.S. 126, 40 S.Ct. 234, 64 L.Ed. 491; Webster Elec. Co. v. Splitdorf Elec. Co., 264 U.S. 463, 44 S.Ct. 342, 68 L.Ed. 792; Crown Cork & Seal Co. v. Ferdinand Gutmann Co., 304 U.S. 159, 58 S.Ct. 842, 82 L.Ed. 1265; General Talking Pictures Corp. v. Western Elec. Co., 304 U.S. 175, 58 S.Ct. 849, 82 L.Ed. 1273.

[5] Cf. Ingersoll-Rand Co. v. Westinghouse Elec. & Mfg. Co., D.C., 19 F. Supp. 403.

[6] Smith v. Goodyear Dental Vulcanite Co., 93 U.S. 486, 500, 23 L.Ed. 952.