34 C.C.P.A. (Patents)

### Application of KYRIDES.
### Patent Appeal No. 5267.

Court of Customs and Patent Appeals.

Feb. 11, 1947.

Rehearing Denied March 21, 1947.

J. Russell Wilson, of St. Louis, Mo., for appellant.

W. W. Cochran, of Washington, D. C. (E. L. Reynolds, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, JACKSON, and O'CONNELL, Associate Judges.

BLAND, Associate Judge.

After allowing claims numbered 6 and 20 in appellant's application for a patent for "improvements in Plastic Compositions of Matter," the Primary Examiner of the United States Patent Office finally rejected claims 1, 2, 3, 5, 11, 12, 13, 15 and 18, the only remaining claims in the application except for certain claims which were drawn to a non-elected species and depend upon the allowance of a generic claim. The Board of Appeals affirmed the examiner's rejection and appellant has here appealed from the board's decision.

The application at bar is concerned with plastic compositions used in the manufacture of films, lacquers, molding compositions, etc., and specifically deals with such compositions plasticized with esters of dicarboxylic acids containing a hydrocarbon group and an aliphatic ketone group. In manufacturing plastic compositions for the above purposes, materials such as cellulose esters and ethers, etc., are dissolved in a volatile solvent and in doing so there is added, as a modifying agent, the plasticizer. The examiner states that "a large number of plasticizers as well as solvents is available for this purpose," and that the selection is "determined by economic as well as technological factors." In the present instance the plasticizing agents employed are esters of dicarboxylic acids, wherein, according to the examiner, "one carboxyl group of the acid has been esterified by

an aliphatic alcohol and the other carboxyl group has been esterified by an aliphatic ketone alcohol."

Claim 11 is regarded as illustrative of the appealed subject matter and follows:

"11. A composition embodying a cellulose derivative and containing, as a plasticizer, an alkyl acetonyl phthalate."

The facts in this appeal are somewhat involved and there is much matter stated in the opinions below and in the briefs of the parties which we need not discuss here since such discussion would tend to confuse rather than clarify the main issue. This issue, when finally clearly understood, is not as formidable as it at first would appear.

The present application of appellant Kyrides was involved in an interference with an application of Andersen et al., hereinafter referred to as "Andersen." The decision of the Board of Appeals in that interference proceeding was reviewed by this court in Kyrides v. Andersen et al., 28 C.C.P.A., Patents, 1336, 121 F.2d 514. The single count there in issue corresponded to claim 11 of the present appeal. This claim calls for a plasticizer in the composition referred to as "an alkyl acetonyl phthalate."

In that interference Andersen was the senior party. Neither party submitted evidence. Kyrides, however, relied upon an earlier copending application which antedated the Andersen application. In this earlier application was disclosed only one plasticizer, namely, acetonyl ethyl phthalate, a member of the subgeneric class of alkyl acetonyl phthalates. The tribunals of the Patent Office held that this disclosure was not sufficient to warrant a holding that Kyrides was entitled to a constructive reduction to practice of the subgeneric class and awarded priority of invention to Andersen. This court, however, reversed the decision of the Board of Appeals and held that Kyrides' disclosure of the single species in the prior application was enough to entitle him to an award of priority on the count which was generic in character and which included the whole group of alkyl acetonyl phthalates.

The examiner, in his statement to the board upon appeal, rejected the instant appealed claims on the ground that while this court, in Kyrides v. Andersen et al., supra, had awarded the applicant priority in the generic invention covered by the count there in issue, it did not necessarily follow that the applicant was entitled to the allowance of a claim for such generic invention in a patent and that he was not bound by that decision to allow a generic claim to Kyrides. The claims were rejected as being unpatentable over the Andersen application involved in the interference.

Subsequently the examiner made a supplemental statement in which he rejected the claims also upon the patent to Andersen et al., No. 2,349,331, May 23, 1944, which had been issued after the examiner's first statement.

The Board of Appeals, upon appeal to it, affirmed the examiner's rejection upon Andersen's application involved in the interference in Kyrides v. Andersen et al., supra, but affirmatively overruled his supplemental rejection upon the said Andersen et al. patent. As to this latter ground of rejection, the board said:

"The examiner in a supplemental statement has rejected the claims on the Andersen et al. patent No. 2,349,341 [sic]. Since the Court specifically awarded priority to Kyrides over the Andersen et al. disclosure as to the count corresponding to claim 11, it appears improper to now reject claims of this nature on the disclosure of Andersen et al. and this ground of rejection will not be affirmed."

Kyrides filed affidavits in the Patent Office under Rule 75, Rules of Practice of United States Patent Office, 35 U.S.C.A. Appendix, which he relied upon to establish his right to claim the generic invention by showing an actual reduction to practice prior to the filing date of the Andersen application. The examiner took the position that this availed appellant nothing since he could not, at that late date, without having an interference where testimony might be introduced, prove by affidavits a reduction to practice of the invention at bar earlier than is disclosed in his application.

We may dispose of the question raised with reference to Rule 75 summarily by saying that it is too obvious to require extended discussion here or to call for the citation of authority that appellant cannot accomplish by affidavits under this rule that which he was privileged to attempt to accomplish in the interference where the subject matter involved was being considered. Moreover, the board correctly pointed out in its decision that:

"Appellant refers to his affidavit under Rule 75 and states that it establishes a reduction to practice as early as March 11, 1932 to the use of ethyl acetonyl phthalate. This affidavit establishes no more than applicant's prior application, that is, that one species of the class of alkyl phthalates had been reduced to practice as of that date."

In the Kyrides v. Andersen et al. interference appellant attempted to show that his earlier application taught more than the use of a single species and he argues here to the effect that his parent application disclosure was more than a single species and was somewhat generic in character. We decided that issue squarely against Kyrides in the interference proceeding and this court is certainly not now required to devote any time or space to this subject matter.

The question for decision here is whether or not Kyrides, having been awarded priority of invention defined by a generic count on the basis of his disclosure of a single species, is entitled to have in his patent a generic claim notwithstanding the fact that Andersen, the senior party, was the first to disclose and claim the generic subject matter.

Kyrides seems to argue that because he was awarded priority of the generic invention that fact is conclusive on the question as to his right to have the generic claim in a patent, and he contends that before the interference was declared it must be presumed that the examiner found that the generic claim was allowable to both parties. It was allowable to both parties, depending upon priority as disclosed in the applications involved in the interference, but Kyrides sought to reach back of his application then in interference by relying upon his earlier filed application which disclosed a single species. It is too well-settled to require extended citation and discussion here that the mere fact that a party litigant in a Patent Office interference proceeding obtains an award of priority of invention in this court does not mean he is necessarily entitled to have that count as a claim in his patent when issued. There are a number of instances where this condition might exist and we will not undertake to enumerate them here although the Solicitor for the Patent Office has done so in his brief.

In fact, in the Kyrides v. Andersen et al. opinion, this court, before holding that the disclosure of a single species in the earlier Kyrides application was sufficient to warrant a grant to him of priority of invention in a count generic in character, stated [121 F.2d 516]:

"The issue presented in this appeal is not whether appellant is entitled to a patent for a composition embodying a cellulose derivative and containing as plasticizers the subgeneric class of alkyl acetonyl phthalates, but rather whether having constructively reduced to practice a composition embodying a cellulose derivative and containing as a plasticizer *an* alkyl acetonyl phthalate (acetonyl ethyl phthalate, one of the members of the subgeneric class) long prior to appellees' constructive reduction to practice, appellant is entitled to an award of priority of invention."

In other words, it was the view of this court that Kyrides, upon the record then before us, having made the first disclosure of a plasticizer belonging to the class, no one else should be awarded priority of a generic claim which would include that plasticizer.

Since Anderson was the first to disclose the generic claim and since the examiner held that the generic claim was a separate invention and inventive over the specific claim, we are not impressed with Kyrides' extended contention that he is entitled to have a patent containing the generic subject matter. We are not concerned here with what Andersen gets in his patent, but

we are of the opinion that the Andersen application (which, as we have said before, was prior to Kyrides' instant application disclosing the generic claim) might properly be referred to as prior art in the consideration of the said generic claims of Kyrides.

The Solicitor for the Patent Office has frankly admitted that the action of the board in reversing the examiner's supplemental rejection on the Andersen et al. patent was inconsistent with the holding that the examiner was right in rejecting the claims on the Andersen application but he points out that the board sought unsuccessfully to have the instant appeal remanded back to the Patent Office to correct this inconsistency. The Patent Office did not suggest in its request for remand that if the case was remanded a result different from that already arrived at would be brought about.

Following numerous holdings of this court and other courts, we are of the opinion that the application is conclusive evidence of completion of the invention at least as early as its filing date. This being true, the application is as good a reference as a patent itself would be, so we are not concerned here with the board's reversal of the rejection on the patent.

We think the tribunals of the Patent Office arrived at the right conclusion in holding that the generic claims at bar were unpatentable to Kyrides under the circumstances stated: Many authorities on both sides of the question have been cited, some of which were thoroughly discussed in Kyrides v. Andersen et al., supra, and many others which we need not refer to here, but we think, as was held by the tribunals below, that the case of In re Steenbock, 83 F.2d 912, 23 C.C.P.A., Patents, 1244, is directly in point. There the applicant had an earlier application disclosing a single species (yeast) and a later application disclosing the genus (fungus). Steenbock was rejected on references which would not have been effective as to date against his earlier application and he sought to overcome the rejection by relying upon the ealier application. The Patent Office and this court concurred in holding that the prior disclosure of a single species was not enough to overcome a reference where the allowance of generic claims was sought. Steenbock obtained his claim for the single species of yeast but was denied the generic claim. This is exactly the situation here.

Appellant seeks to distinguish this case for several reasons, none of which we think is sound. First, it is stated that in the instant case there is no prior art cited as there was in the Steenbock case and that this is true because of the fact that the board reversed the examiner on citing the Andersen et al. patent. As we have indicated above, the application, for the purposes used, was as good a reference as the patent itself. This is true regardless of whether or not it is called "prior art."

His second reason is that Kyrides has been awarded priority of invention and that Steenbock had never had such an award. We have heretofore stated that the awarding of priority to an applicant in an interference proceeding does not insure, or even suggest, that he is necessarily entitled to his claim in a patent. The authorities on this subject are numerous. See Conover v. Downs, 35 F.2d 59, 17 C.C.P.A., Patents, 587; In re Kaase et al., 140 F.2d 1016, 31 C.C.P.A., Patents, 932; Kyrides v. Andersen et al., supra.

Sometimes it occurs, as in Prichard v. Setzler, 54 App.D.C. 266, 296 F. 1013, that neither party to an interference is entitled to the controverted subject matter, and, as we have indicated above, it is not our concern here as to whether or not Andersen was entitled to the subject matter he has already received in his patent.

As a third ground of distinction between this case and the Steenbock case, appellant states that the Primary Examiner held that the generic invention was patentably distinct from the narrow count of the interference. Just how this could enure to the benefit of appellant is not seen, nor are we here concerned with whether or not the conclusion of the Primary Examiner, in taking that action on a motion to substitute, was sound or unsound.

■ Kyrides' fourth contention is that the Steenbock case is further distinguishable in view of the fact that Kyrides' parent application teaches the use, as a plasticizer, of a broad class of acetonyl esters of carboxylic acids. Our holding in that regard in the interference case is res judicata and upon further reflection here is regarded as sound. In some instances the broad subject matter relating to an invention may pass into the public domain. Ball & Roller Bearing Co. v. F. C. Sanford Mfg. Co., 2 Cir., 297 F. 163.

The decision of the Board of Appeals affirming the examiner's rejection of the appealed claims is affirmed.

Affirmed.