35 C.C.P.A.(Patents)
### Application of WILLIAMS.
### Patent Appeal No. 5500.

Court of Customs and Patent Appeals.
June 1, 1948.

Stowell & Evans, of Washington, D. C. (Harold T. Stowell and John O. Evans, Jr., both of Washington, D. C., of counsel) for appellant.

W. W. Cochran, of Washington, D. C. (J. Schimmel, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GARRETT, Presiding Judge, and HATFIELD and JACKSON, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the decision of the Primary Examiner rejecting claims 46, 65, 71, and 73 in appellant's application for a patent for an invention relating to a method of producing pantothenic acid.

Claims 49, 56, and 66 to 68, inclusive, were allowed by the Board of Appeals.

Claims 46 and 73 are sufficiently representative of the appealed claims. They read:

"46. The process of preparing a substance having the physiological properties of pantothenic acid which comprises reacting the lactone obtained by hydrolytic splitting of natural pantothenic acid with a member of the group consisting of $\beta$-alanine and $\beta$-alanine in which the hydrogen of the carboxyl group is replaced by a constituent which protects the carboxyl group without destroying the reactivity of the amino group of the $\beta$-alanine."

"73. The process which comprises reacting $\alpha$-hydroxy-$\beta$, $\beta$-dimethyl-, -butyro lactone with a compound of the group consisting of the salts and lower alkyl esters of $\beta$-alanine without the application of extraneous heat."

Appellant's application relates to the production of a growth promoting substance known as pantothenic acid and discloses a method in which this substance is prepared by reacting alpha-hydroxy-beta, beta-dimethyl-gamma-butyro lactone which, as stated by the board, is also known as pantoyl lactone, with the salts and lower alkyl esters of alanine. Pantoyl lactone may be prepared by the hydrolytic splitting of natural pantothenic acid and claim 46 calls for that method of preparation, instead of designating the pantoyl lactone by name or formula. The details of appellant's process are not set forth in the appealed claims, and are not pertinent to the issues here involved.

All of the appealed claims were rejected as being unpatentable to appellant because of actions taken by him in connection with Interference No. 78,737, hereinafter referred to. Appealed claims 46, 65, and 71 were further rejected on the grounds of indefiniteness and functionality, and claims 46 and 73 were further rejected as containing two distinct artificial classes of different scope.

Interference No. 78,737 was originally declared between a sole application of appellant Williams, No. 328,526, and applications of other parties. As the result of a motion by appellant, a joint application of Williams and Weinstock was substituted in the interference for the Williams sole application, and the issue of the interference was amended to include the following count:

"Count 2. The method of synthesizing pantothenic acid which comprises directly combining an alkali-forming metal salt of $\beta$-alanine with $\alpha$-hydroxy-$\beta$, $\beta$-dimethyl-$\gamma$-butyro lactone."

The quoted count is similar to the appealed claims, but is limited to the use of alkali-forming metal salts of beta-alanine,

whereas the appealed claims are broad enough to include not only those salts but other salts and esters.

It is evident that, by obtaining the substitution of a joint application for appellant's sole application in the interference, appellant disclaimed sole inventorship of the subject matter in issue therein. He is, therefore, in the same position as if he had unsuccessfully contested an interference with the joint application on that subject matter.

Since, as hereinbefore stated, the appealed claims are generic to the use of various beta-alanine compounds, while count 2 of Interference No. 78,737 is specific to the use of alkali-forming metal salts of beta-alanine, the issue presented by this appeal is whether an applicant who admittedly is not the first inventor of a species in a chemical claim is nevertheless entitled to the allowance of a generic claim embracing that species.

The issue presented in the instant case is similar to that in the case of In re Kaase et al., 140 F.2d 1016, 1022, 31 C.C.P.A., Patents, 932. In that case appellants had lost an interference on an issue involving the use of isothiocyanates in a certain process, and thereafter sought to obtain the allowance of a process claim generic to the use of isothiocyanates and isocyanates. In holding that the appealed claim was properly rejected this court stated:

"What appellants are here seeking is to regain what they lost in interference No. 76,387. In the patent issued to Hanford and Holmes as a result of the decision in that interference, the public is taught that isothiocyanates may be used in the involved process.

"Now appellants seek to dominate the patent to Hanford and Holmes by claiming as an element of their process the use of isothiocyanates, although it has been determined that appellants were not the first inventors of such use."

The species disclaimed by appellant by his motion to substitute the joint application for his sole application in Interference No. 78,737 forms an integral part of the genus covered by each of the appealed claims. Having admitted that he is not the first inventor of that species, appellant may not obtain a patent covering it merely by including it in a genus with other species of which he may be the first inventor. His claims should be made commensurate in scope with his invention.

It follows that all of the appealed claims were properly rejected on the basis of appellant's substitution of the joint application for his sole application in the interference, and it is, therefore, unnecessary to consider the other grounds of rejection.

For the reasons stated, the decision of the Board of Appeals is affirmed.

Affirmed.

By reason of illness, O'CONNELL, Associate Judge, was not present at the argument of this case and did not participate in the decision.