O’Connell, Acting Chief Judge,
delivered the opinion of the court:
This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the rejection by the Primary *764 Examiner of all' of the claims in appellant’s application for a patent on an alleged invention relating to a new and useful improvement in the preparation of polyhalo derivatives and moré particularly to a process of forming an adduct of a terpeen and a polyhalomethane in the- presencéof a peroxide catalyst.
0,f the 13 rejected claims, only 7, 19, 25, and 26, which read on the elected species, are involved in this appeal. Claims 7 and 19 were considered by the Board of Appeals as illustrative:
7. The process of preparing a terpene-polyhalomethane adduct which consists of heating a cyclic unsaturated terpene with a polyhalomethane in the presence of a peroxide'catalyst. ■ .
19. A cyclic terpene-polyhalomethane adduct prepared by heating a cyclic un saturated terpene with a polyhalomethane in the presenec of a peroxide catalyst.
The board noted that “The claims relate to adducts of cyclic unsaturated terpenes and polyhalomethanes and to a-method of preparing same. Both the adducts and the method are sufficiently described for the purpose of this decision in the. copied claims.”
The Solicitor for the Patent Office in his brief clarifies the issue thus:
Claim 7 defines the process of heating a cyclic unsaturated terpene with a polyhalomethane in the presence of a peroxide catalyst to form a terpene-poly-halomethane adduct; claim 19 defines the product of that process. No contention was made below, and none is made here, that any one claim contains any limitation which would make it patentable over any other claim. Hence it is clear that the claims stand or fall together.
■ The question.to be determined here, together with the background of-the litigation, are thus accurately defined in the brief for appellant:
There is only one issue involved in this appeal. The issue arises from the fact that the instant application and an application of Goldblatt et al. were involved in Interference No. 83,793 which was settled amicably by the parties, the terms of the settlement involving the filing of cross-concessions of priority by the parties. Goldblatt et al. conceded priority to appellant as respects the generic counts and one subgeneric count, whereas appellant conceded priority to Goldblatt et al. as respects another subgeneric count. The issue raised is solely one of law and may be stated as follows:
(1) Are the generic claims under appeal, conceded to appellant by the adverse party in the interference, unpatentable to appellant in view of his concession to the adverse party during the interference of priority as respects a subgeneric count?
The Board of Interference Examiners in awarding priority to the respective parties in accordance with their cross-concessions, made such award without prejudice to the' right of the Primary Examiner to reject the claims conceded to one party as unpatentable over the claims conceded to the other party.
*765 No prior patents were cited or relied upon in the instant case by . the tribunals of the Patent Office. The examiner in his statement referred, however, to the counts conceded to the adverse party in the interference (Goldblatt et al.) as “prior art,” and the patent issued ' to that party is printed here in appellant’s brief as Exhibit 1.
The-appealed claims were rejected by the examiner on the stated ground that they were fully met by the counts conceded by appellant in the interference hereinbefore described, citing In re Kyrides, 34 C. C. P. A. (Patents) 920, 159 F. (2d) 1019, 73 USPQ 61. The decision of the examiner was not only affirmed by the board but was also reaffirmed by it on reconsideration.
In addition to the case cited by the examiner, the board also cited and relied upon two factually and substantially analogous cases of this court: In re Williams, 35 C. C. P. A. (Patents) 1219, 168 F. (2d) 525, 78 USPQ 86; In re Kaase et al., 31 C. C. P. A. (Patents) 932, 140 F. (2d) 1016, 60 USPQ 565. Appellant notes in his brief that the Kyrides case will suffice for the purposes of framing the issue and discussion herein.
Appellant, the junior party, having conceded that he is‘ not the first inventor of one species of the reaction product defined generically in the appealed claims, we are required here to determine the legal effect in an interference of a split decision based upon cross-concessions between the parties instead of an adjudication based upon evidence submitted by them to the tribunals of the Patent Office.
The Solicitor for the Patent Office has defined the precise nature of the appealed claims together with the corresponding counts of the interference. He argues, in the light of the sound legal principle, that a patent on a generic invention must rest upon a generic discovery ; that appellant has nowise shown he made a generic invention prior to the date of the claimed species thereof admittedly reduced to practice by Goldblatt et al., the senior party in the interference; and that failure to make such a showing bars appellant from obtaining the generic claims here presented.
We consider the following pertinent excerpt, summarizing the board’s decision and quoted from the brief of the solicitor, to be controlling of the question presented:
As pointed out by the Board of Appeals the factual situation here substantially parallels that of the Kyrides case, supra. The sole distinction, if any, is that in the instant ease, the opposing party in the interference conceded priority to appellant of the generic claims. That factual difference does not warrant a different conclusion. So far as the record shows, appellant is prior only on one species, and regardless of the concession of the opposing, interferant, appellant is not entitled to claims which are broad enough to cover both species, when in fact there is no proof of anything, other than a concession by the other party respecting a single species being reduced to practice prior to that party’s *766 reduction to practice of the species conceded to him. As. pointed out in the Williams case supra, having admitted that he is not the first inventor of the bicyclic species, appellant may not obtain a patent covering it. He is entitled only to claims commensurate with the scope of his proved invention.
We have carefully analyzed the merits of appellant’s position with respect to the various arguments presented by him and find nothing new or convincing therein. We deem it unnecessary therefore to discuss and pass upon them in detail. The decision of the Board of Appeals is accordingly affirmed.
Garrett, Chief Judge, because of illness, did not participate in the hearing or decision in this case.