46 CCPA

**Josef FRIED et al.**

v.

**Herbert C. MURRAY et al.**

**Patent Appeal No. 6398.**

United States Court of Customs and Patent Appeals.

April 22, 1959.

Bryant W. Brennan (Robert Alpher, New York City, of counsel), for appellants.

Charles M. Thomas and M. M. Weisman, Washington, D. C. (George T. Johannesen and Gordon W. Hueschen, Kalamazoo, Mich., of counsel), for appellees.

Before WORLEY, Acting Chief Judge, and RICH, MARTIN, and JOHNSON, retired, Judges.

MARTIN, Judge.

This is an appeal from a decision of the Board of Patent Interferences of the United States Patent Office awarding priority to the junior party, Murray et al., for an invention relating to a process for introducing oxygen into a steroid nucleus. Appellants, Fried et al., are involved in this interference on their application Serial No. 296,256 filed June

28, 1952 and appellees, Murray et al., are involved on their Patent No. 2,649,402 issued August 18, 1953 on an application filed August 23, 1952.

Murray et al. rely upon the disclosure of their prior filed application Serial No. 272,944, filed February 23, 1952 (issued as Patent No. 2,602,769), to support the contested counts of interference. The board found that the earlier filed Murray et al. Patent No. 2,602,769 "contains a disclosure sufficient to support the instant counts * * *" and awarded priority to Murray et al. based upon a constructive reduction to practice as of the filing date thereof.

In its decision the board twice referred to the last-mentioned patent as the "earlier copending patent" of Murray et al., and it is evident that unless there was continuity of prosecution of the subject matter here in issue between the filing dates of the applications on which the earlier and later patents to Murray et al. were granted, that party cannot be awarded priority on the basis of a constructive reduction to practice as of the filing date of the earlier application. Conover v. Downs, 35 F.2d 59, 17 CCPA 587.

The record here shows, however, that Patent No. 2,602,769 was issued on July 8, 1952 and that the application on which Patent No. 2,649,402 was granted was not filed until August 23, 1952. The basis for the board's statement as to copendency, therefore, is not apparent from the record. The case is accordingly remanded to the Board of Patent Interferences for clarification and a further statement as to its grounds for that holding, which statement, in view of the long pendency of the interference, will, we trust, be promptly supplied.

In the event that such statement embraces matter not now forming a part of the record before this court, such matter should be included therein.

Remanded.

JOHNSON, Judge, retired, was present at the argument of this case, but did not participate in the decision.