23 C.C.P.A.(Patents)

## BLODGETT et al. v. RICHTER.*

### Patent Appeal No. 3541.

Court of Customs and Patent Appeals.
Nov. 27, 1935.

Roberts, Cushman & Woodberry, of Boston, Mass. (Herman T. Gammons and Harold R. Savage, both of Boston, Mass., of counsel), for appellants.

Wright, Brown, Quinby & May, of Boston, Mass. (Nathaniel P. Wharton, of Boston, Mass., of counsel), for appellee.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GARRETT, Associate Judge.

On December 4, 1925, Richter filed an application for patent in the United States Patent Office entitled, "For Cyclic Process of Treating Alkaline Pulps," which was duly prosecuted until a number of claims reached the stage of allowance. It is said in the brief for appellants that this stage was reached April 11, 1930. Richter, however, it is further said in the brief, did not pay the final fee and take the patent, but, on September 26, 1930, filed a "renewal application" in which additional claims were inserted with the statement that they

*Rehearing denied Jan. 27, 1936.

were intended to dominate claims of another patent not here involved. These statements of the brief are acquiesced in by appellee, so far as we can determine, and we accept them as correct, although not fully detailed in the record.

Appellants, Blodgett and Hanson, on June 3, 1926, filed application entitled, "For Method for the Preparation of Strong, Bleached Sulfate Pulp." This culminated in patent No. 1,831,436, issued November 10, 1931.

On November 27, 1931, Richter copied two of the claims of the foregoing patent into his pending application, and these became the two counts of the involved interference which was declared January 30, 1932.

Count 1, which is typical, reads: "1. A method for the treatment of celluslosic materials which comprises reducing the same to the condition of pulp, by cooking with an aqueous solution containing an alkaline sulphide, removing resulting solution from the remaining pulp, and treating the latter with an aqueous alkaline solution of a reactive compound of sulphur."

After the preliminary statements of the parties had been opened, Blodgett and Hanson moved to dissolve on the ground that Richter was not entitled to make the claims. This motion was denied by the Examiner of Interferences February 9, 1933, and times set for the taking of testimony.

Neither party offered testimony. In due course the Examiner of Interferences rendered decision awarding priority to Richter. This decision was affirmed by the Board of Appeals, and appeal to this court followed.

The specific feature about which the controversy may be said to revolve is expressed in the last clause of count 1, supra, reciting the treatment of pulp "with an aqueous alkaline solution of a reactive compound of sulphur."

No actual reduction to practice was shown with respect to either application. So both are dependent upon the constructive reduction to practice incident to filing application.

■ It is conceded that, as found by the tribunals of the Patent Office, the specification of Richter's original application filed December 4, 1925, discloses and definitely teaches the availability for use with an aqueous alkaline solution of one reactive compound of sulphur, namely, sodium sulphide, but it insisted that he discloses *only one* such reactive compound, while appellants disclose the utility of members of a class of such compounds.

It is accordingly argued on behalf of appellants that Richter's disclosure is not sufficient to support claims as broad as the counts, and the brief asks: " * * * an adjudication and determination of the patent law generally with reference to the respective priority rights: of one who discloses the use of a single chemical reagent for the conduct of a chemical process, *and nothing more;* and one who discovers, defines and discloses that novel and unique class of reagent materials which are suitable for the conduct of said chemical process. (Italics quoted.)

We are cited to a line of ex parte cases decided by this and other courts wherein there was application of the principle that, in cases involving chemicals and chemical compounds and cases involving the properties of materials, claims broad enough to cover a class of reagents or properties are not allowable upon a disclosure of only a single reagent or property. Vide, In re Langmuir, 62 F.(2d) 93, 20 C.C.P.A. (Patents) 733, and In re Walker, 70 F.(2d) 1008, 21 C.C.P.A. (Patents) 1121, with their citations.

■ It is urged that to sustain the award of priority to appellee in this case would amount to overruling and abandoning the doctrine relative to chemical equivalents followed in the foregoing cases.

We are unable to concur in the soundness of such contention. After all, the question here is solely one of priority, and we are not called upon to determine the matter of patentability to Richter.

When the *counts* are looked to in the effort to ascertain their breadth, it is observed that they do not require a construction which necessarily embraces a *class* of reactive compounds of sulphur. The expression is *"a* reactive compound of sulphur." (Italics ours.)

The Board of Appeals, it seems to us, covered the material issues of the controversy quite fully and succinctly in the following language:

"It seems to us that both parties, while operating on a somewhat different theory,

924

are striving for the same end and in case of sodium sulphide, at least, propose the use of the same purifying agent. Under the circumstances, the question of priority arises. The counts which are drawn in generic form will read on the Richter disclosure.. In our opinion the right of Richter to have a patent granted with claims of the comprehensive scope here involved is a matter of patentability which is not material to appellants' right to a patent and hence cannot be properly raised under Rule 130 nor on appeal from a decision on priority. It seems to us that it is like any other possible bar to the grant of a patent to a prior party, which in no way affects the right of the junior party to a patent if he cannot prove priority.

"The question raised with respect to Richter's renewed application also in our opinion falls in the same class. It is not seen how appellant's right to a patent or the validity of claims in a patent already granted can be in any way affected because of the existence of some bar to the allowance of claims to another party who may in fact be prior to the patentee and whose activities thus anticipate the generic claim involved. We know of no reason why a renewal applicant cannot present claims in a renewal application which are supported by his original disclosure, in the absence of elements of estoppel and, even if estopped, it is not seen how it can inure to the benefit of the patentee except under such special circumstances as make the estoppel especially available to him. The issue counts were copied from the Blodgett and Hanson patent within a very few days of its issue. There was clearly no such delay as would estop Richter from making the claims."

It is not meant to intimate that the counts expressed as claims in appellants' patent are not so supported by the disclosure there, or that there is any question of their validity as to a class of compounds, nor is it meant to suggest what the rights of appellee may be under his disclosure upon any question except the single one of priority. All other questions, we think, must be determined in some proceeding other than the one now at bar.

Literally and fairly, appellee's disclosure supports the counts for "a reactive compound of sulphur." He was the first to reduce to practice by filing application, and we are unable to see wherein the

tribunals of the Patent Office erred in granting him the award of priority.

The decision of the Board of Appeals is affirmed.

Affirmed.