28 C.C.P.A. (Patents)

### KYRIDES v. ANDERSEN et al.

Patent Appeal No. 4491.

Court of Customs and Patent Appeals.

July 2, 1941.

Joseph R. Mares and J. Russell Wilson, both of St. Louis, Mo. (James M. Graves, of Washington, D. C., of counsel), for appellant.

I. Seltzer and C. W. Levinson, both of New York City, for appellees.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal in an interference proceeding from the decision of the Board of Appeals of the United States Patent Office affirming the decision of the Examiner of Interferences awarding priority of the invention defined in the single count in issue to appellees, Andersen, Grenquist, and Ball.

The invention relates to a composition embodying a cellulose derivative and *an*

alkyl acetonyl phthalate which acts as a plasticizer of the cellulose derivative as stated in the count in issue.

The count reads: "2. A composition embodying a cellulose derivative and containing as a plasticizer an alkyl acetonyl phthalate."

It appears from the record that the function of the plasticizer—an alkyl acetonyl phthalate—is to render the composition more pliable.

The interference is between appellant's application No. 142,801, filed May 15, 1937, and appellees' application No. 111,594, filed November 19, 1936.

Appellant is the junior party and the burden was upon him to establish priority of invention by a preponderance of the evidence.

No evidence was submitted by either party. Appellant, however, gave due notice under the provisions of rule 154(e) of the Rules of Practice, 35 U.S.C.A. Appendix, in the United States Patent Office of his intention to rely upon an earlier copending application (No. 604,660), filed April 11, 1932, of which his involved application is a continuation in part, for conception and constructive reduction to practice of the invention defined by the count in issue. Accordingly, appellees are confined to their filing date, and the sole issue in the case is whether appellant disclosed the involved invention in his 1932 application. If he did, he is entitled to an award of priority, and the decision of the Board of Appeals should be reversed. If he did not, the decision of the board should be affirmed.

The tribunals of the Patent Office held, and it is conceded here by counsel for appellees, that appellant disclosed in his 1932 application, of which his involved application is a continuation in part, acetonyl ethyl phthalate, one of the alkyl acetonyl phthalates, for use as a plasticizer in a composition embodying a cellulose derivative.

The tribunals of the Patent Office concurred in holding that the disclosure in appellant's 1932 application of only one species of the alkyl acetonyl phthalates was not sufficient to warrant a holding that he was entitled to a constructive reduction to practice of the subgeneric class of alkyl acetonyl phthalates, and that as the filing date of his involved application is subsequent to the filing date of appellees' application, appellees were entitled to an award of priority of invention.

In its original decision, the Board of Appeals said, inter alia: "Although the prior application of Kyrides may have a rather comprehensive disclosure in regard to using various esters and ethers, we are unable to find that it contains a definite disclosure that the *alkyl* acetonyl phthalates in general will function as plasticizers of cellulose derivatives. The count before us could therefore not be made in the prior application and Kyrides cannot rely upon the filing date of said application for constructive reduction to practice of the invention involved in count 2 before us."

In its decision in reply to appellant's request for reconsideration of its original decision, the board said:

"It is argued by the party Kyrides that since the parent application is regarded by the Office as a constructive reduction to practice of the species 'ethyl acetonyl phthalate' priority should be awarded to him of the count involving the broader class of 'alkyl acetonyl phthalate'. *He cites some decision which he holds supports this contention. These decisions involved an actual reduction to practice of a species of the class instead of a technical constructive reduction to practice. No decision has been brought to our attention indicating that the same rule obtains where there has only been a constructive reduction to practice.*

"In the Steenbock decision cited the Court of Customs and Patent Appeals refused to give Steenbock the benefit of the filing date of a prior application showing only one species for overcoming references which were available against a later filed application disclosing and claiming the genus. The Court did not apparently regard the prior application as proving reduction to practice of the genus.

"Although an *actual reduction* to practice of a single species has been held sufficient for an award of priority on a count covering the genus, *we think that this is not authority for applying the same rule where there has only been a constructive reduction to practice of a species, particularly in view of the Steenbock decision.* Giving a party constructive reduction by the filing of an application has been adopted as a part of the Patent Office practice, where there is no question but that the invention involved is fully disclosed in the application and a patent could issue thereon. In view of the Steenbock decision we are not believed to be justified in extending this doctrine to a case where the prior application

merely discloses a species and the broad count is not supported by such prior application and no patent for it could issue thereon." (Italics ours, except the words "actual reduction" appearing in the last paragraph.)

In the case of In re Steenbock, 83 F.2d 912, 913, 23 C.C.P.A., Patents, 1244, referred to by the board in its decision, we said: "The principle is well established in chemical cases, and in cases involving compositions of matter, that the disclosure of a species in a cited reference is sufficient to prevent a later applicant from obtaining generic claims, although the disclosure in an application of a species may not be a sufficient basis for a generic claim. See In re Ellis, 37 App.D.C. 203; In re Dosselman, 37 App.D.C. 211; In re Langmuir, 62 F.2d 93, 20 C.C.P.A. (Patents) 733; In re Walker, 70 F.2d 1008, 21 C.C.P.A. (Patents) 1121, 1127; In re Burk, 74 F.2d 547, 22 C.C.P.A. (Patents) 857." And, applying the rule therein announced, the court held that appellant was not entitled to a patent for a process relating to fungus material generally, in view of the fact that his original disclosure was limited to a process involving yeast only.

The issue presented in this appeal is not whether appellant is entitled to a patent for a composition embodying a cellulose derivative and containing as plasticizers the subgeneric class of alkyl acetonyl phthalates, but rather whether having constructively reduced to practice a composition embodying a cellulose derivative and containing as a plasticizer *an* alkyl acetonyl phthalate (acetonyl ethyl phthalate, one of the members of the subgeneric class) long prior to appellees' constructive reduction to practice, appellant is entitled to an award of priority of invention.

Certainly it cannot be held that appellees were the first to conceive and constructively reduce to practice a composition embodying a cellulose derivative and containing as a plasticizer all of the alkyl acetonyl phthalates when it clearly appears from the record that appellant was the first to reduce to practice a composition embodying a cellulose derivative and containing as a plasticizer one of the alkyl acetonyl phthalates.

The issue in the instant case is similar, so far as the issue of priority of invention is concerned, to one of the issues presented in the case of Walsh et al. v. Davidson et al., 101 F.2d 224, 226, 26 C.C.P.A., Patents, 812, 815. We there said, inter alia:

"But, it is argued by counsel for appellants Walsh and Caprio that the counts in issue relate broadly to the use of vinyl compounds; that in appellee's application but one of the vinyl compounds is disclosed; that he is not entitled to claims in a patent which cover the entire group of such compounds; and that, therefore, he is not entitled to make the claims constituting the counts in issue.

"Each of the counts in issue relates to a method of uniting articles by interposing a vinyl compound between the surfaces of such articles. Appellee clearly discloses the use of a vinyl compound for such purpose. Obviously then, he is entitled in an interference proceeding to make counts which are sufficiently broad to include the vinyl compound which he discloses. Blodgett and Hanson v. Richter, 79 F.2d 922, 23 C.C.P.A., Patents, 749.

"If appellee is the prior inventor of the use of one of the vinyl compounds in the involved method of uniting articles, certainly appellants Walsh and Caprio are not entitled to a patent for the use of all vinyl compounds."

It is argued here by counsel for appellant that appellant's application No. 604,660, filed April 11, 1932, of which his involved application is a continuation in part, disclosed the subgeneric class of alkyl acetonyl phthalates as plasticizers for cellulose derivatives. However, each of the tribunals of the Patent Office held to the contrary, and, after careful consideration of appellant's prior application, we are unable to say that those tribunals erred in that respect.

As hereinbefore noted, the involved count calls for a composition embodying a cellulose derivative and containing as a plasticizer *an* alkyl acetonyl phthalate. Accordingly, it is sufficiently broad to include any one of the subgeneric class of the alkyl acetonyl phthalates.

In view of the fact that in his application No. 604,660, filed April 11, 1932, long prior to the filing of appellees' involved application (November 19, 1936) appellant disclosed a composition embodying a cellulose derivative and containing an alkyl acetonyl phthalate—acetonyl ethyl phthalate—as a plasticizer, he was the first to complete the invention defined in the count in issue. Blodgett and Hanson v. Richter, 79 F.2d 922, 23 C.C.P.A., Patents, 749; Ufer and Niemann v. Williams, 79

F.2d 892, 23 C.C.P.A., Patents, 797; Walsh et al. v. Davidson et al., supra.

■ That appellant had completed the involved invention by the filing of his application No. 604,660, cannot be seriously questioned. See Automatic Weighing Mach. Co. v. Pneumatic Scale Corporation, 1 Cir., 166 F. 288, and cases therein reviewed.

For the reasons stated, the decision of the Board of Appeals is reversed.

Reversed.