45 C.C.P.A. (Patents).

**Marion DEN BESTE, Appellant,**

v.

**Harry MARTIN, Appellee.**

**Patent Appeal No. 6326.**

United States Court of Customs
and Patent Appeals.

Jan. 31, 1958.

Rehearing Denied March 11, 1958.

Richard Whiting and Sol B. Wiczer, Washington, D. C., for appellant.

Edward B. Beale, Washington, D. C. (George R. Jones, Washington, D. C., of counsel), for appellee.

Before JOHNSON, Chief Judge, and O'CONNELL, WORLEY, and RICH, Judges.

O'CONNELL, Judge.

This is an appeal by Marion Den Beste, the junior party in Interference No. 86,622, from a decision of the Board of Patent Interferences of the United States Patent Office awarding priority to the senior party, Harry Martin. The interference issue consists of a single count, which is as follows:

"A hair waving lotion consisting essentially of an aqueous solution of at least 4% thioglycolic acid, by weight of the solution, the solution having been neutralized to a pH of about 8 with an alkali metal hydroxide to attain the equivalence point for the resulting thioglycolate salt, and having then been brought to a pH in the range of about pH 9 to about pH 10 by the addition of ammonia."

Martin filed his application No. 276,883, which is involved in the interference, on March 15, 1952 and was accorded the benefit of an earlier application No. 437,628, filed April 4, 1942. Den Beste filed his application No. 64,917, on December 11, 1948, and, in his preliminary statement in the interference alleged no date prior to Martin's record date of April 4, 1942. Accordingly, Den Beste was placed under an order to show cause why judgment on the record should not be entered against him and, in response thereto, moved to dissolve the interference on the ground that the count was not supported by Martin's application No. 276,883. The motion to dissolve was denied by the Primary Examiner and, after final hearing, no testimony having been taken, the Board of Patent Interferences agreed with the Primary Examiner that Martin's application No. 276,883 afforded a proper support for the count, and awarded priority to Martin.

It is agreed by appellant that the disclosures of the two Martin applications are substantially identical, so that if the later one will support the count, the earlier one will also. Accordingly, the sole issue presented here is whether the count is supported by the disclosure of Martin's application No. 276,883.

The invention in issue is a hair waving lotion consisting essentially of an aqueous solution of thioglycolic acid which has been successively treated with an alkali metal hydroxide and with ammonia to bring it to "a pH in the range of about pH 9 to about pH 10."

Since Den Beste's right to make the count is not in question, it is unnecessary to consider the disclosure of his application and, in the view which we take of

the case, it will be necessary to consider in detail only one example given in the Martin application.

The disclosure primarily relied on by Martin and by the Board of Patent Interferences in support of Martin's right to make the count is the following example set forth in his application:

"Solutions with a pH of 9.02 have proved the most satisfactory compromise solution for all round use, considering fineness of hair, temperature, time and other considerations of beauty parlor practice. One such solution was

7 grams thioglycolic acid
100 cc water
    sodium or potassium hydroxide solution
to make pH 8, then 26° Bé aqua ammonia to make pH 9.9, then dilute to 175 cc."

The specified 7 grams of thioglycolic acid in a solution totaling 175 cc would give exactly 4% of acid if each ingredient had a specific gravity of 1. Appellant argues, that since some of the ingredients of the lotion have specific gravities greater than 1, the acid will form less than 4% by weight of the final lotion. The Board of Patent Interferences, however, pointed out that this would not necessarily be true since the water and the ammonia solution, at room temperature, would have specific gravities less than 1 and might offset the greater weight of the heavier ingredients.

■ There is no competent evidence of record as to the actual percentage by weight of thioglycolic acid in the lotion above referred to. In support of a motion filed in the Patent Office by appellant for leave to take testimony, an affidavit was filed purporting to show that a percentage of 3.92 was obtained. That affidavit, however, is not competent evidence and cannot properly be considered here. Methudy v. Roy, 65 F.2d 171, 20 C.C.P.A., Patents, 1142.

Under the circumstances described above, we find no basis for disturbing the holding of the Board of Patent Interferences that the 9.02 pH lotion of Martin's example here under consideration satisfies the requirement of the count as to thioglycolic acid content.

The remaining requirements of the count are clearly satisfied by the quoted example. The neutralization to a pH of 8 is expressly disclosed therein, and it is stated in Den Beste's specification that the pH 8 value is the equivalence point of sodium thioglycolate, which is the salt resulting from the addition of sodium hydroxide to a solution of thioglycolic acid. The final step of bringing the pH value of the lotion to 9.02 by the addition of water is also clearly described in the example.

Appellant contends that "a pH range of from about 9 to about 10 does not literally read on a pH disclosure of 9.02," but we are unable to agree with that contention. A claim to a range of values is literally readable on every value falling within the range. It is clear that a pH value of 9.02 would infringe a claim covering a range of from 9 to 10.

■ For the reasons given we hold that Martin's application No. 276,883 discloses one example which fully satisfies the requirements of the interference count and which would infringe the count if it appeared as a claim of a patent. Den Beste contends, however, that Martin does not disclose the pH range of about 9 to about 10 or the concept of "at least 4% thioglycolic acid" set forth in the count. That contention is, in effect, that the count defines a broader concept than is disclosed by Martin's specific example and that accordingly a claim corresponding to the count would not be allowable in the Martin application. Assuming that to be the case, it would merely render the count unpatentable to Martin, and would not deprive him of the right to an award of priority.

■ The question as to the effect, in an interference proceeding, of the disclosure in an application of a single species falling within a generic count has been frequently considered by this court. Trumbull v. Kirschbraun, 67 F.2d 974,

21 C.C.P.A., Patents, 758; Blodgett and Hanson v. Richter, 79 F.2d 922, 23 C.C. P.A., Patents, 749; Walsh v. Davidson, 101 F.2d 224, 26 C.C.P.A., Patents, 812; Kyrides v. Andersen, 121 F.2d 514, 28 C.C.P.A., Patents, 1336; Lawson v. Bruce, 222 F.2d 273, 42 C.C.P.A., Patents, 893. In each of the cited cases it was held that the disclosure in an application of a single species of the invention defined in a generic count constituted a constructive reduction to practice of the invention defined by that count. The same principle is, of course, applicable to the disclosure of a single example falling within the range set forth in a count.

As pointed out by appellant, some of the cases cited involved situations in which each of the interfering applications contained a generic disclosure, and one party was relying on an earlier copending application disclosing only one species. There is no material difference, however, so far as the question of constructive reduction to practice is concerned, between an application directly involved in an interference and an earlier application relied on by one of the parties. If an earlier copending application disclosing only one species or example is a constructive reduction to practice of a generic invention, the same is obviously true of an application directly involved in an interference and containing the same disclosure.

As above indicated, we are of the opinion that, as stated in Trumbull v. Kirschbraun, and Blodgett v. Richter, supra, the question as to whether the disclosure of an application is broad enough to support a generic claim is one which relates only to the patentability of that count in the application, and is not ancillary to the issue of priority. So far as priority is concerned, it is sufficient if the application discloses a single species, example or embodiment which clearly meets all the requirements of the count.

Appellant argues that the Board of Patent Interferences erred in failing to give effect to "the law requiring literal and exact support of all limitations of an interference count by the party to whom priority is awarded." However, the disclosure of a single species or example clearly falling within the count constitutes a support of all its limitations, so far as the issue of priority is concerned. Manifestly, if Martin reduced to practice one example satisfying the count before Den Beste entered the field, Den Beste cannot be the first inventor of a broad claim embracing that example. If Martin failed to recognize that his example formed part of a broader invention, that fact might preclude him from obtaining broad claims, but it could not constitute Den Beste the first inventor of any claim reading on the said example.

Appellant has also assigned error in the board's failure to consider Martin's entire disclosure as refuting any possible claim to inventorship of the interfering subject matter. While the Martin application contains a number of examples which do not fall within the count, and recites several ranges differing from that set forth in the count, it contains nothing which would nullify or modify the disclosure of the specific example discussed above, or which would destroy the effect of that example as a constructive reduction to practice of the invention here in issue.

The notice of appeal and appellant's brief contain an allegation that the Board of Interference Examiners erred in not reversing the decision of the Primary Examiner denying Den Beste's motion to dissolve. Whether or not the interference should have been dissolved on the ground of nonpatentability of the count to Martin is a matter which is not ancillary to priority and accordingly cannot be considered on this appeal.

For the reasons given, we find it unnecessary to consider whether Martin's application fairly discloses the use of a pH range from 9 to 10 or the use of any percentage of thioglycolic acid in excess of four, as urged in appellant's brief, since those matters relate only to the patentability of the count to Martin. The jurisdiction of this court in interference cases is limited to priority of invention

and questions ancillary thereto. Stern v. Schroeder, 36 F.2d 518, 17 C.C.P.A., Patents, 690; Harris v. Henry, 63 F.2d 120, 20 C.C.P.A., Patents, 883.

We hold that Martin's application No. 276,883 contains a sufficient disclosure of one example satisfying the requirements of the count here in issue, and that such disclosure constitutes a constructive reduction to practice of the invention defined by the count; and since Martin's earlier application No. 437,628, filed April 4, 1942 discloses the same example on which we have relied in connection with application No. 276,883, we further hold that application No. 437,628 constitutes a constructive reduction to practice of the said invention as of April 4, 1942. Since that date is prior to any alleged by Den Beste, priority was properly awarded to Martin.

The decision of the Board of Patent Interferences is affirmed.

Affirmed.