46 CCPA

Josef **FRIED**, David Perlman, Richard
W. Thoma, and Elwood O. Titus,
Appellants,

v.

Herbert C. **MURRAY**, and Durey H.
Peterson, Appellees.

No. 6398.

United States Court of Customs
and Patent Appeals.

June 30, 1959.

See also 267 F.2d 326.

Bryant W. Brennan, New Brunswick,
N. J. (Robert Alpher, New York City,
of counsel), for appellants.

Charles M. Thomas and M. M. Weis-
man, Washington, D. C. (George T.
Johannesen and Gordon W. Hueschen,
Kalamazoo, Mich., of counsel), for ap-
pellees.

Before WORLEY, Chief Judge, and
RICH, MARTIN, and JOHNSON (re-
tired), Judges.

MARTIN, Judge.

This is an appeal from the decision
of the Board of Patent Interferences of
the United States Patent Office, awarding
priority to the junior party, Murray et
al., for an invention relating to a process
for introducing oxygen into a steroid
nucleus. Appellants, Fried et al., are in-
volved in this interference on their ap-
plication S.N. 296,256 filed June 28, 1952,
and appellees, Murray et al., are involved
on their Patent No. 2,649,402 issued
August 18, 1953, on an application filed
August 23, 1952.

Murray et al. offered no evidence but
instead rely upon the disclosure of their
prior filed application S.N. 272,944, filed
February 23, 1952 (issued as Patent No.
2,602,769), to support the contested
counts of interference. Since the record
herein shows that Patent No. —769
(2,602,769) was issued on July 8, 1952,
and that the application on which Patent
No. 2,649,402 was granted was not filed
until August 23, 1952, we remanded the
cause to the Board of Patent Interfer-
ences for clarification of its basis for
finding copendency. The board there-
upon rendered a Supplemental Decision,
finding continuity of disclosure of the
subject matter of the contested counts
on the basis of the disclosure of a
bridging application, S.N. 297,242 filed
July 5, 1952 (now Patent No. 2,735,800),
which bridging application was held to
contain " * * * the same two pertinent
paragraphs which appear in Patent No.
—769 * * *," and which paragraphs
are here relied upon to support the counts
in issue. Appellant has not contended
that there is any material distinction, in-
sofar as the disclosure of the invention
in issue is concerned, between the
bridging application and application
S.N. 272,944, and since the bridging ap-
plication has not been made a part of
the record before us, we must accept the
board's statements pertaining thereto.
Cf. Ericson v. Shaff, 104 F.2d 626, 26
CCPA 1350, 1355.

Of the twenty-two counts of interfer-
ence, the following are deemed illustra-
tive:

"1. A process for the introduction of oxygen into a steroid which comprises: growing an Aspergillus under aerobic conditions in the presence of a fermentation medium containing assimilable non-steroidal carbon and a steroid having an eleven methylene group and recovering the resulting oxygenated steroid.

"18. A process which comprises: dispersing a steroid substrate, consisting essentially of a 3-keto steroid, in an aqueous fermentation medium and aerobically subjecting such dispersed 3-keto steroid to the action of viable *Aspergillus niger*.

"20. A process of oxygenating a steroid which comprises: growing an Aspergillus under aerobic submerged conditions in a fermentation medium containing assimilable nitrogen, phosphate, carbohydrate, and a steroid substrate, consisting essentially of a steroid having an eleven methylene group, and recovering the resulting oxygenated steroid."

Murray et al. rely upon the following paragraph, found in Patent No. —769, to support the contested counts:

"Other microorganisms *which have been found useful* in the oxygenation of steroids, including eleven desoxy steroids, *although not necessarily producing the same result* as the fungi of the murcorales order, include various strains of Penicillium, e. g., P–100, Aspergilli, e. g., *Aspergillus niger,* * * *." [Emphasis ours.]

In addition, it is contended that the necessary modes of fermentation of Aspergilli, as well as of various genera in the order Mucorales, are disclosed in Kane et al. Patent No. 2,327,191, incorporated by reference in Murray et al. Patent No. —769 by the following provision:

" * * * The addition of steroid in the concentration and at the times as mentioned above, to the media and under the conditions utilized for the production of *fumaric acid,* as in * * * Kane et al. 2,327,191

* * * achieves the production of oxygenated steroids * * *." [Emphasis ours.]

The board held that the above " * * * two pertinent paragraphs * * * " were sufficient, either alone or in view of the teachings of the Kane et al. patent, to support the process of the instant counts in its suggestion of oxygenating eleven desoxy steroids by means of fungi of the genus Aspergillus, and more particularly with the species *Aspergillus niger.*

Appellant contends that the first quoted statement from the Murray et al. patent is ambiguous and speculative, in view of the provisions contained therein that the other microorganisms there mentioned, including the Aspergilli, "have been found useful * * * although not necessarily producing the same result as the fungi of the Mucorales order * * *." It is further urged that such disclosure fails to teach which Aspergilli will function to introduce oxygen into the eleven position of the eleven desoxy steroid molecules recited.

Additionally, appellant claims that the teachings of the associated Kane et al. patent, relied on by the board to show the necessary conditions for fermentation of Aspergilli, are of no assistance to the party Murray et al. since they fail to suggest any particular species of Aspergillus which would function to facilitate steroid oxygenation. Rather, it is argued that the Kane patent shows only the production of fumaric acid by a fermentation process employing selected species of Aspergillus, and, therefore, the associated teachings of that patent serve only "to compound prophecy by speculation."

The sole issue for determination is whether or not Murray et al. Patent No. —769 (application S.N. 272,944) adequately supports the counts in issue so as to constitute a constructive reduction to practice of the invention defined therein. In other words, is there sufficient disclosure in this patent, together with what was previously known, to teach one skilled in the art to oxygenate a steroid by growing an Aspergillus under aerobic

conditions in the presence of the steroid and an appropriate fermentation medium, without necessitating extensive experimentation. Farrington v. Mikeska, 155 F.2d 412, 33 CCPA 1073. We answer this question in the affirmative.

There is no doubt that Patent No. —769 teaches the oxygenation of steroids by means of the fermentation of fungi of the Mucorales order; the substitution of the genus Aspergillus in lieu of the Mucorales in accordance with the suggestion of the first above quoted paragraph discloses the basic and most significant element included in all the counts in this interference. Although it is true Patent No. —769 does not teach the modes of growing the Aspergilli under aerobic fermentation conditions, appellant agrees generally that this procedure is old and well known. Furthermore, the Kane et al. patent adequately teaches the conditions of growing Aspergilli and, since the Murray et al. Patent No. —769 incorporates the Kane et al. patent as an integral part of the process in the production of oxygenated steroids, any one skilled in this art, with the knowledge of these teachings, could produce the results contemplated by these counts.

Appellant's contention that the Kane et al. patent is inapplicable because it does not include a process for the fermentation of all species of Aspergillus is untenable. Even though the specification does say "some Aspergilli are able to form fumaric acid" and this statement is interpreted by appellant to mean that only certain species are so operative, we are of the opinion that the process which is disclosed in Kane et al. teaches the specific conditions for fermenting the genus Aspergillus, although perhaps the use of some species thereof will produce fumaric acid and others not. We agree with the board that this fact is verified by the wording of the generic claims of the Kane et al., patent, wherein Aspergillus is broadly recited. Furthermore, it should be noted that the reference in Murray et al. Patent No. —769 to Kane et al. is more than a general incorporation of procedures for fermenting

Aspergillus; rather, the reference to the addition of steroid " * * * to the media and under the conditions utilized for the production of fumaric acid * * * " shown in Kane et al. indicates a definite teaching to any person skilled in the art to oxygenate steroids in the presence of Aspergilli grown on those nutrients and aerated and agitated in that manner prescribed by Kane et al.

Appellant also contends that the paragraph disclosing the substitution of Aspergillus for the order Mucorales is "ambiguous and speculative." However, whether or not that is the case, the paragraph in question clearly discloses the use of Aspergillus niger as one species which can be used in the involved process, and such a disclosure constitutes a constructive reduction to practice of the genus. This court in Den Beste v. Martin, 252 F.2d 302, 304, 45 CCPA 798, said:

"The question as to the effect, in an interference proceeding, of the disclosure in an application of a single species falling within a generic count has been frequently considered by this court. Trumbull v. Kirschbraun, 67 F.2d 974, 21 C.C.P.A., Patents, 758; Blodgett and Hanson v. Richter, 79 F.2d 922, 23 C.C.P.A., Patents, 749; Walsh v. Davidson, 101 F.2d 224, 26 C.C.P.A., Patents, 812; Kyrides v. Andersen, 121 F.2d 514, 28 C.C.P.A., Patents, 1336; Lawson v. Bruce, 222 F.2d 273, 42 C.C.P.A., Patents, 893. In each of the cited cases it was held that the disclosure in an application of a single species of the invention defined in a generic count constituted a constructive reduction to practice of the invention defined by that count."

Assuming arguendo that the Murray et al. teaching does not sufficiently disclose the entire genus claimed, that fact would be relevant only to the patentability of the claims and not to the issue of priority.

Fried, et al. argue further that by substituting Aspergillus for Mucorales **a**

qualitatively different result is produced, admittedly " * * * not necessarily producing the same result * * * " as the Mucorales in the prior Murray et al. patent and, therefore, this patent does not support the counts in this interference. Concerning this proposition, we agree with the board, which stated:

"After careful consideration of the first six lines of the much discussed paragraph in column 62 of Patent No. —769, we find no difficulty in concluding that the disclosure value of the rather positive statement that 'Other microorganisms which have been found useful in the oxygenation of steroids, including eleven desoxy steroids * * * include * * * Aspergilli, e. g. Aspergillus niger * * * ' is in no way diminished by the other statement 'although not necessarily producing the same result as the fungi of the Mucorales order * * * .' It is clear to us that these lines teach the substitution of Aspergilli for the Mucorales of the patent even though there may be some difference in result. Despite Fried et al's interpretation of the clause 'although * * * order', for which no support exists on this record, the fact remains that these statements when read together as they must be and not read out of context as they are, unequivocably state that oxygenated steroids including eleven desoxy steroids are produced when Mucorales are replaced by Aspergilli and that is what the counts demand. Cf. Garrett v. Cox., 233 F.2d 343, 43 CCPA 927."

It is further contended that, since one of the examples in the Murray et al. Patent No. —769 shows that a particular species of the order Mucorales will not oxygenate eleven methylene steroids in the eleven position, therefore, particular species of the genus Aspergillus may not be presumed to operate on the functional group in the desired eleven position. It need only be observed that *none* of the twenty-two counts defining the issue of this interference require oxygenation in solely the eleven position, but rather that a steroid having an eleven methylene group be *oxygenated*, and Aspergillus is disclosed by Murray et al. to facilitate that reaction.

We therefore conclude that Murray et al. have constructively reduced the invention to practice on February 23, 1952, the filing date of Patent No. —769, a date prior to the June 28, 1952, filing date on which Fried et al. rely for priority. Inasmuch as we have reached this conclusion, we need not consider appellee's further contention that Fried et al. are estopped to deny that the Murray et al. Patent No. —769 disclosure supports the counts of interference, because of the former's prior reliance on an affidavit under Patent Office Rule 131 to "swear back" of the last mentioned Murray et al. patent.

For the above reasons, we *affirm* the decision of the Board of Patent Interferences.

Affirmed.