A. Newton Huff, Wilmington, Del. (C. Harold Herr and Frederick Schafer, Washington, D. C., of counsel), for appellants.

Clarence W. Moore, Washington, D. C. (Raymond E. Martin, Washington, D. C., of counsel), for the Commissioner of Patents.

51 CCPA

**Application of John Lynde ANDERSON and David C. England.**

**Patent Appeal No. 7185.**

United States Court of Customs and Patent Appeals.

April 9, 1964.

Before WORLEY, C. J., and RICH, MARTIN, SMITH and ALMOND, JJ.

ALMOND, Judge.

This appeal is from the decision of the Board of Appeals affirming the rejection of a claim in appellants' patent application.[1] The issue is whether the board was correct in finding the claim unpatentable in view of the disclosure in a patent application of Chiang et al.,[2] with which appellants' application had been in Interference No. 88,072.

The subject matter here involved relates broadly to heterocyclic compounds and is specifically best illustrated by reference to the claim, which reads:

"31. Polyfluoro-2, 2-dioxo-1, 2-oxathietanes of the formula

$$\begin{array}{c} \overset{X}{\underset{|}{}}\quad \overset{X}{\underset{|}{}} \\ X-C-C-R \\ \overset{|}{O}-\overset{|}{S}=O \\ \overset{\|}{O} \end{array}$$

wherein X is a member selected from the group consisting of hydrogen and halogen atoms of atomic number no greater than 35, at least two of which atoms are fluorine, and R is a member selected from the

---

1. Serial No. 552,224, filed December 9, 1955 for "HETEROCYCLES."

2. Serial No. 526,769, filed August 5, 1955.

group consisting of hydrogen, halogen atoms of atomic number no greater than 35, and alkyl and haloalkyl of up to ten carbon atoms, the halogen atoms in the haloalkyl being of atomic number no greater than 35."

The factual background is somewhat involved and requires development in some detail. On December 9, 1955, appellants filed their application relating to a new class of polyfluorosubstituted oxathiaheterocycles and methods for their preparation. On March 8, 1956, the examiner suggested the following claim for purpose of interference:

A trifluorochloroethane sultone.

Appellants copied the claim and an interference was declared. A preliminary statement was not filed by appellants within the time allowed for that purpose, and appellants were placed under an order to show cause why judgment should not be entered against them.

Within the period set for response, appellants moved to amend, presenting alternative sets of proposed counts and a preliminary statement as to the proposed counts. The opposing party, Chiang et al. (hereinafter Chiang) also proposed a variety of counts in a motion to amend. Among the counts proposed by Chiang was Proposed Count N, which was original claim 5 of appellants' application. Claim 5 [3] differs from the claim on appeal largely in that the latter employs a graphic presentation of the chemical structure. The Patent Interference Examiner found the preliminary statement "sufficient" with respect to the proposed counts, but that "judgment will ultimately be entered against Anderson et al. as to count 1. Were it not that the interference must continue at least until the motions to amend are decided, such judgment would be entered immediately." The Primary Examiner then decided the three motions to add proposed counts with the result that the motion to add count N, which is claim 5, supra, was granted and all others were denied. The examiner said:

"In view of the granting of the motion to add count N the existing count is deemed to be superfluous and the interference is hereby dissolved with respect to this count."

Appellants then filed a preliminary statement as to count N which was their original claim 5.

Chiang then requested reconsideration of the Primary Examiner's decision. On reconsideration, the examiner said:

"The action by the Examiner in dissolving, on his own motion, the original count is not seen to be inconsistent with the decision in the cited Felbel case and Rule 237(a) last sentence. It is further alleged that since the party Anderson et al did not 'show cause' as to the original count, the original count should be retained so that judgment on the record for this count may be obtained. No good reason is given why the interference should include *two* generic counts only one of which (proposed count "N") is an accurate definition of the invention."

Next, Chiang petitioned the Commissioner of Patents seeking to reverse the examiner's decision. The First Assistant Commissioner said:

"While the examiner's decision includes a holding that count 1 does not define the invention accurately and Rule 225 prohibits the filing of motions under Rule 232 on such a ground where an order to show cause is involved, the former rule does not bar the examiner from acting under Rule 237(a) to eliminate

3. A polyfluoro-2,2-dioxo-1,2-oxathietane of up to twelve carbons wherein the two annular carbons are in a continuous chain of only singly bonded carbons which chain has, as its only substituents, other than the —SO₃— radical a plurality of singly bonded halogens of atomic number up to 35 of which a plurality are fluorine, two of which fluorines are on annular carbons of the oxathietane ring, which ring carries at most one hydrogen.

a count which he does not consider patentable."

Chiang filed a motion to strike appellants' evidence before the Board of Patent Interferences, on the ground, inter alia, that appellants were estopped to present evidence on "chlorofluoroethane sultones" because of a failure to show cause as to the original count. Chiang took no testimony. The Board of Patent Interferences found the evidence submitted by appellants concerning reaction products derived from tetrafluoroethylene to be sufficient to prove an actual reduction to practice and added:

"As to the ground of estoppel the motion to strike is granted to the extent that no weight has been accorded any of the testimony or exhibits relating to chloro compounds to establish any inventive date for Anderson and England prior to their filing date. As to such chloro compounds and as is apparent from the interference file history Anderson and England as junior party have no right to claim patentability subsequent to the termination of the interference for failure to file a preliminary statement thereto."

Having won an award of "[p]riority of invention of the subject matter in issue" in the interference, appellants resumed ex parte prosecution.

The examiner found that claim 5 was "unpatentable over the disclosure of Chiang et al who disclose polychloroperfluoroalkyl sultones," stating:

"In spite of applicants' award of priority on the count of the interference (claim 5), this count is not patentable to applicants in view of the estoppel supra. Kyrides v. Anderson et al, 50 USPQ 131; In re Koose et al, [sic, Kaase et al,], 104 [sic, 140] Fed.2nd. 1016; [31 CCPA 932]; and Conover v. Downs, 35 Fed.2nd 59. Applicants' award of priority extends only to the fluorinated derivatives of the claimed sultones and not to the chloro-substituted perfluoro-sultones

also embraced by claim 5. Applicants are estopped from claiming chloro sultones by reason of their failure to file a preliminary statement with respect to said chloro sultones, and consequently claim 5 is rejected as unpatentable over the disclosure of the senior party Chiang et al which recite sultones falling within the scope of the interference issue (i. e., claim 5)."

Claim 31 was then substituted for claim 5 and the Board of Appeals sustained the rejection, in a 2 – 1 decision, based on the "estoppel" theory, stating:

"The circumstance that appellant prevailed in the interference on a generic count and that this broad count includes, in the classes of compounds called for, the class of chlorofluoroethane sultones represented in the original count by a trifluorochloroethane sultone, is not believed to relieve appellants of the consequences of their refusal or ommission to submit a preliminary statement with respect to the original count."

The board reasoned that

" * * * the Board of Patent Interferences, by excluding from their consideration appellants' evidence concerning the subject matter of this count, recognized that appellants had lost their right to contest priority as to the subject matter of this count."

It is appellants' position that they are not estopped to claim, ex parte, subject matter which may have been part of the original ambiguous count because the redeclaration of the interference "wiped out" the previous order to show cause.

Appellants argue that the original count was inaccurate and ambiguous, so they refused to make a preliminary statement on that count and instead moved to amend under the provisions of Rule 233(a). Since the interference with respect to the original count was dissolved and priority as to the generic count of the redeclared interference was awarded to appellants, they state that the award

is "*res judicata* as to all subject matter common to the interfering applications."

Appellants explain the development of the "estoppel" issue as follows:

"This whole issue arose because of the fact that, during the testimony and at the Final Hearing, Chiang et al. objected to evidence on the chloro-compounds, contending that Anderson et al. were estopped for failure to file a Preliminary Statement thereon. In spite of the fact that counsel for Appellants Anderson et al. pointed out that the interference had been *re*declared on a new count which embraced the chloro-compounds, and that Anderson et al. had filed a Preliminary Statement on that new count, the Board of Patent Interferences, in its Decision dated January 21, 1959 * * *, indulged in what is plainly *obiter dictum*, * * *."

Relying on Glass v. DeRoo et al., 239 F.2d 402, 44 CCPA 723, appellants argue that the Board of Patent Interferences has no jurisdiction to hold that appellants "have no right to claim patentability subsequent to the termination of the interference for failure to file a preliminary statement," as stated in the opinion of the board. Moreover, appellants contend that there was no preceding judgment against them on which a holding of estoppel could be properly based.

The solicitor argues that whether the rejection is considered as based upon the fact that appellants did not show that they were the inventors of the chloro-fluoro compounds (as distinguished from perfluoro compounds derived from tetra-fluoroethylene) or the fact that they failed to file a preliminary statement as to the original count, appellants cannot prevail. The solicitor reasons that failure to move to amend the interference by adding a count restricted to the chlorine-containing species and acquiescence in the board's decision granting the motion to strike indicate "that appellants have tacitly conceded that they were not the first inventors of the chloro-species,

in view of their filing date, which was later than that of Chiang et al." It is the solicitor's contention that appellants proved reduction to practice of "only a single species, perfluoro, before Chiang et al." and there is "no basis for holding generic claim 31 patentable to appellants in the absence of a finding of priority, in their favor with respect to the subject matter of the original count which related to one or more chloro species."

The solicitor's brief states:

"In short, appellants' inability to show they are the first inventors of the chloro species, and so, their inability to couple such showing with their priority with respect to perfluoro, so as to establish patentability to them of generic claim 31, is demonstrated by the grant of the motion to strike which is causally related to their failure to move to add a count directed to a chloro species, and ultimately to their failure to file a preliminary statement on the original count. Thus, the estoppel which is present here is based on the full record of the interference and not upon the mere failure to file such preliminary statement. As the Board so aptly indicated, the award of priority did not 'relieve appellants of the *consequences* of their refusal or omission to submit a preliminary statement with respect to the original count.'"

We deem it important to note that no appeal was taken from the decision of the Board of Patent Interferences. The case before us is an ex parte appeal which raises no question as to the award of "priority of the subject matter in issue" in the interference.

We also note that the claim in issue, like the count on which priority was awarded, is *generic* to chlorine-containing compounds as well as perfluoro-compounds. Neither was limited to a chlorine-containing species, as was the original count in the interference.

We find these two facts decisive of the appeal before us. Inasmuch as

appellants won the interference and no appeal was taken, no collateral attack on the award of priority with respect to the generic count may be made here. We may not inquire as to why Chiang lost the interference or whether error was committed in dissolving the original interference on the examiner's own motion. The facts presented to the court are that the interference was dissolved as to the original count limited to a chlorine-containing species and appellants were awarded priority as to "the subject matter in issue," i. e., the count generic to both species. Appellants did not need to appeal the decision by which they were found to be prior inventors. The "subject matter in issue" before the Board of Patent Interferences was a count commensurate in scope to the claim on appeal in that it was generic to compounds with or without chlorine. The granting of the motion to strike to the limited extent indicated in the opinion, shows that the interference board did not rely on *all* of the evidence in reaching its decision. However, since Chiang relied on his record date and only appellants submitted testimony, a finding of priority based on *any* evidence would require an award to appellants. Whether the decision of the Board of Patent Interferences is supported by sufficient evidence is not before us.

The failure to file a preliminary statement as to the original count did not result in a judgment against appellants. The response of appellants to the order to show cause was sufficient to cause the original interference to be dissolved, whether it was ambiguous, as appellants contend, or not.

We do not agree with the solicitor that appellants must prove priority as to all species before they are entitled to the generic claim on appeal. Appellants have conclusive proof in the priority award of the generic count that they invented the subject matter before Chiang. We need not decide that appellants were the first inventors of "a trifluorochloroethane sultone" because the claim on appeal is as broad as the final count in the inter-

ference. Appellants in fact proposed to add species counts to the interference, but their motions were denied.

 Since appellants invented the subject matter of the claim on appeal before Chiang, the rejection on the Chiang application will not stand. Accordingly, the decision of the Board of Appeals is reversed.

Reversed.